Marion S. PUTNAM and George O. Cuppy, Plaintiffs-Appellants,

v.

CONTINENTAL AIR TRANSPORT COMPANY, INC., and John Groot, Defendants-Appellees.

No. 13300.

United States Court of Appeals Seventh Circuit.

Dec. 29, 1961.

Rehearing Denied Jan. 30, 1962.

Robert A. Sprecher, R. Douglas Campbell, Chicago, Ill., for appellants.

Julius Jesmer, William C. Wines, Paul W. Pretzel, Chicago, Ill., for appellees.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiffs, Marion S. Putnam and George O. Cuppy, sued in the United States District Court to recover damages for personal injuries sustained by them while riding as fare-paying passengers in a bus owned and operated by the defendant, Continental Air Transport Company, Inc. The injuries were allegedly the result of a collision between Conti-

nental's bus and an automobile owned and driven by the other defendant, John Groot. Jurisdiction was based on diversity of citizenship. Plaintiffs' rights arose under the law of the State of Illinois.

The jury returned a verdict finding both defendants guilty. They assessed Mrs. Putnam's damages at $3,500 and Mr. Cuppy's at $7,000. Judgment was entered on this verdict against both defendants.

On November 28, 1960, the Trial Judge granted Continental's motion for judgment notwithstanding the verdict and vacated the judgment theretofore entered against Continental. No post verdict motion was made by Mr. Groot. Plaintiffs filed notice of appeal on December 27, 1960.

Although Mr. Groot did not appeal, briefs and argument have been filed in this Court on his behalf as an appellee.

Continental has moved to dismiss this appeal on the basis of circumstances arising after judgment against Continental had been vacated and prior to the filing of notice of appeal in the District Court. On December 8 and December 9, 1960, Mrs. Putnam and Mr. Cuppy, respectively, executed documents in which they acknowledged receipt, from one William F. Boehlke, of the total amounts of their respective judgments against Mr. Groot:

"* * * [A]s a loan re-payable only out of any recovery the undersigned may make by reason of any judgment now entered or which may be entered in the case of Marion S. Putnam and George O. Cuppy versus Continental Air Transport Co., Inc. and John Groot, filed in the United States District Court, Northern District, Eastern Division, under Case Number 58 C 542, and as security for such re-payment, I hereby pledge to the said William F. Boehlke all of such judgment and any recovery thereon.

"In further consideration of the said advance, I hereby guarantee that I am the person entitled to enforce the collection of such judgment, and I hereby appoint the said William F. Boehlke, his successors, or assigns, as my agent and attorney-in-fact, with irrevocable power to prosecute any appeal and to collect such judgment in my name but at the expense of the said William F. Boehlke, or his assigns, and to proceed with any and all matters which he may deem necessary in the matter of such judgment and to execute in my name any documents which may be necessary to carry into effect the purposes of this agreement."

In his answer to Continental's motion to dismiss this appeal, Mr. Groot explains the relationship of Mr. Boehlke to this action, as follows:

"William F. Boehlke, operating a corporation known as Insurance Consultants, Inc., was the insurance broker for defendant John Groot. He had placed the insurance for all of the Groot trucks, a difficult task inasmuch as truck insurance is not easy to place. Insurance Consultants, Inc. is solely owned by William F. Boehlke and his wife. Ralph E. Stouffer, Jr., a friend of William F. Boehlke and a partner of the law firm of Pretzel,[1] Stouffer, Nolan & Rooney, acts as secretary and is the lawyer for the corporation.

"William F. Boehlke, in order to retain and preserve the Groot business and in order to prevent an increase in the rating of the Groot trucks, and in order to prevent what he considered to be a miscarriage of justice, agreed to loan the monies to the plaintiffs, who also felt that an injustice had been done."

Continental argues that although the judgments against Mr. Groot have not

1. Mr. Groot's counsel in this appeal is Paul W. Pretzel.

been formally satisfied of record, both plaintiffs have availed themselves of the full benefits of these judgments in the form of "loans" which they will not have to repay. Continental sees these "loans," if not actual releases, as equivalent to "covenants not to sue"[2] Mr. Groot for the amounts "lent," but not to be repaid, which constitute the full amount of plaintiffs' judgments, leaving no possible further recovery from Mr. Groot, apart from their court costs in the District Court. Schumacher v. Rosenthal, 7 Cir., 1955, 226 F.2d 946, 948 and footnote 4.

█ It is Continental's position that these judgments in effect have been fully satisfied and that plaintiff cannot recover any further sums from Continental. Continental contends that regardless of form, the "loan" agreement does release one joint tort-feasor, Mr. Groot, and thus, under Illinois law, it releases all joint tort-feasors. Aiken v. Insull, 7 Cir., 1941, 122 F.2d 746, 751, cert. den. 315 U.S. 806, 62 S.Ct. 638, 86 L.Ed. 1205.

█ Plaintiffs argue that Mr. Boehlke was a stranger to this case who has lent plaintiffs the amount of their judgments and has taken, as security for the loan, an assignment of those judgments. However, the "loans" cannot be regarded as assignments of any judgments against Continental because there were no judgments in existence against Continental in favor of the plaintiffs at the time of the "loans." Under Illinois law, causes of action for personal injury torts may not be assigned. North Chicago Street Railroad Co. v. Ackley, 1898, 171 Ill. 100, 108, 49 N.E. 222, 44 L.R.A. 177; Wilcox v. Bierd, 1928, 330 Ill. 571, 585, 162 N.E. 170.

Plaintiffs also rely on a line of cases to the effect that an insurance carrier may advance loans to save its insureds business embarrassment, such loans to be repayable out of moneys collected on account of a loss. These cases are not helpful in the matter before us. Here

Mr. Groot's insurer has not advanced a loan to Mr. Groot for losses suffered by him, with repayment to be made out of money collected on account of such losses, under the insurer's right of subrogation, from third persons liable to Mr. Groot. On the contrary, Mr. Groot's insurance broker has advanced "loans" to plaintiffs who held judgments against Mr. Groot. The plaintiffs held no judgments against Continental at the time of the "loans."

Continental's motion to dismiss this appeal is hereby granted.

Dismissed.

---

**2.** However, plaintiffs have sued Mr. Groot and have recovered judgments against

him, the full benefit of which they have already received.