EDWARD T. DOWD, PETITIONER-APPELLANT, v. STATE OF NEW JERSEY DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF MOTOR VEHICLES, RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 11, 1977—Decided November 3, 1977.

440

Before Judges CONFORD, MICHELS and PRESSLER.

*Mr. Julius J. Feinson* argued the cause for appellant (*Messrs. Mandel, Wysoker, Sherman, Glassner, Weingartner & Feingold,* attorneys).

*Mr. Michael J. Greenwood,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Ms. Erminie Conley,* Deputy Attorney General, of counsel).

The opinion of the court was delivered by
MICHELS, J. A. D. This appeal raises the question of the proper basis on which to compute an attorney's fee charged respondent-employer with respect to petitioner-employee's third-party tort recovery under the Workers' Compensation Act.

The question is raised in a somewhat unusual context and consequently a brief recitation of the facts is necessary. Petitioner was injured as a result of a fall on property owned by a third party while in the course of his employment with respondent. He filed a claim petition against respondent for workers' compensation benefits. Petitioner was subsequently re-injured and amended his claim, alleging that these injuries were causally related to the prior accident and hence also compensable. Respondent denied liability for these injuries and therefore refused to pay petitioner temporary disability or pay his medical and hospital bills. While the claim was pending petitioner was granted an accidental disability pension by the Public Employees' Retirement System. Since the petitioner accepted the disability pension, he was not entitled to benefits for such injury and disability under the Workers' Compensation Act. *N. J. S. A.* 34:15–43. In addition, while the claim still was pending, petitioner settled his third-party tort claim against the property owner for $25,000, agreeing to pay his lawyer 33 1/3% of the recovery as an attorney's fee.

The parties then attempted to negotiate a settlement of the compensation claim. Hospital Service Plan of New Jersey (Blue Cross) and Medical Surgical Plan of New Jersey (Blue Shield) filed liens with respondent, claiming unpaid hospital and medical bills for petitioner's treatment in the total sum of $6,483.48. In order to facilitate settlement, petitioner was able to prevail upon Blue Cross and Blue Shield to reduce these liens to $2,161.16. Petitioner agreed with respondent to pay the reduced amount of the liens as well as other outstanding medical bills. Respondent agreed to pay all future medical and hospital bills that petitioner might incur for treatment of his work-related injuries. Respondent further agreed to pay temporary disability benefits from the date of petitioner's injury to the date he retired on a disability pension. The parties agreed that respondent would receive credit for petitioner third-party's tort recovery

of $25,000 in accordance with the provisions of *N. J. S. A.*
34:15–40. However, the parties were unable to agree upon
the amount that respondent should be charged as its pro rata
share of the attorney's fee for the payment of the Blue Cross
and Blue Shield liens. Petitioner claimed that the fee should
be computed on the basis of the full amount of these liens
and not on the reduced amount Blue Cross and Blue Shield
accepted in satisfaction. The judge of compensation held
that the amount of the attorney's fee to be charged against
respondent with respect to these liens was to be computed on
the basis of the actual amounts paid by petitioner in satis-
faction of those liens, or $720.38 (one-third of $2,161.16).
Petitioner appeals.

*N. J. S. A.* 34:15–40 imposes a lien in favor of an em-
ployer or its workers' compensation insurance carrier against
the proceeds of a third-party tort recovery obtained by an
injured employee. *McMullen v. Maryland Cas. Co.,* 127 *N. J.
Super.* 231, 235 (App. Div. 1974), aff'd 67 *N. J.* 416 (1975).
The right of the employer or its insurance carrier to share
in such recovery and its obligation to bear a pro rata share
of the employee's expenses of suit and attorney's fees are
prescribed by *N. J. S. A.* 34:15–40 which, in pertinent part,
provides:

> Where a third person is liable to the employee or his dependents
> for an injury or death, the existence of a right of compensation
> from the employer or insurance carrier under this statute shall not
> operate as a bar to the action of the employee or his dependents,
> nor be regarded as establishing a measure of damage therein. In
> the event that the employee or his dependents shall recover and be
> paid from the said third person or his insurance carrier, any sum
> in release or in judgment on account of his or its liability to the
> injured employee or his dependents, the liability of the employer
> under this statute thereupon shall be only such as is hereinafter in
> this section provided.
>
> \*     \*     \*     \*     \*     \*     \*     \*
>
> (b) If the sum recovered by the employee or his dependents from
> the third person or his insurance carrier is equivalent to or greater
> than the liability of the employer or his insurance carrier under
> this statute, the employer or his insurance carrier shall be released
> from such liability and shall be entitled to be reimbursed, as herein-

after provided, *for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined.* [Emphasis added.]

\* \* \* \* \* \* \* \*

(e) As used in this section, "expenses of suit" shall mean such expenses, but not in excess of $200.00, and "attorney's fee" shall mean such fee, but not in excess of 33 1/3% of that part of the sum paid in release or in judgment to the injured employee or his dependents by such third person or his insurance carrier to which the employer or his insurance carrier shall be entitled in reimbursement under the provisions of this section, but on all sums in excess thereof, this percentage shall not be binding.

■ ■ Where, as here, there has been a third-party tort recovery which releases the employer in whole or in part from liability for compensation, the employer can be assessed for its pro rata share of the attorney's fee in the third-party tort recovery measured by the benefit accruing to it. *Teller v. Major Sales, Inc.,* 64 *N. J.* 143, 147 (1974); *Dante v. Gotelli,* 17 *N. J.* 254, 257–258 (1955). See also, *Caputo v. The Best Foods,* 17 *N. J.* 259, 267 (1955). The benefit accruing to the employer is "the medical expenses incurred and compensation payments theretofore paid to the injured employee." *N. J. S. A.* 34:15–40(c). The benefit to respondent in this case was the discharge of its statutory obligation to pay the Blue Cross and Blue Shield liens filed against it. While these liens were in the total sum of $6,483.48, they were subsequently reduced to $2,161.16. The benefit to respondent was the actual amount of money paid to discharge these liens. The computation of the attorney's fee must therefore be based on the actual amount paid. If the attorney's fee were computed on the basis of the full amount of the liens and not the actual amount paid, respondent would be charged with and petitioner reimbursed for an attorney's fee at a rate in excess of the 33 1/3% paid to petitioner's lawyer on the third-party tort settlement. This clearly would not be a pro rata sharing of the attorney's fee and would result, in part, in a double recovery to petitioner in clear violation of the statutory de-

sign of *N. J. S. A.* 34:15–40. *Teller v. Major Sales, Inc., Dante v. Gotelli, and Caputo v. Best Foods,* all *supra; Pagan v. Hillside Metal Products, Inc.,* 140 *N. J. Super.* 154, 158–160 (App. Div. 1976). *Cf. Brum v. International Terminal Operating Co.,* 125 *N. J. Super.* 558, 561 (App. Div. 1973).

Accordingly, the judgment of the Division of Workers' Compensation is affirmed.