**Loren W. CROXTON, Personal Representative of the Estate of Ruth E. Croxton, deceased, Appellant,**

v.

**CROWLEY MARITIME CORPORATION, a Delaware corporation, Appellee.**

No. S–2123.

Supreme Court of Alaska.

July 22, 1988.

James D. Rhodes, Hartig, Rhodes, Norman, Mahoney & Edwards, Anchorage, for appellant.

David T. Hunter, Lane, Powell & Barker, Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

OPINION

MOORE, Justice.

In 1981, Ruth Croxton was killed in an airplane crash while co-piloting a plane as an employee of Puget Sound Tug and Barge Co. ("PST & B"), a wholly-owned subsidiary of Crowley Maritime Corp. She left no dependents.

Since Croxton died without any dependents, her estate was entitled to no workers' compensation death benefits under Alaska's Workers' Compensation Act except funeral expenses. AS 23.30.215. However, her employer was required to deposit $10,000 into the "second injury" fund. AS 23.30.040(c). Pursuant to AS 23.30.015(c), payment of the $10,000 into the second-injury fund "operate[d] as an assignment to the employer" of any wrongful death action her estate may have had against third parties.

---

The personal representative of Ruth Croxton's estate ("Croxton") sued PST & B and Crowley for wrongful death. The superior court dismissed the claim against PST & B, since an employer's liability under the workers' compensation statutes is exclusive of all other liability. AS 23.30.-055. The court dismissed Croxton's claim against Crowley on the ground that Croxton's estate was not a proper party because the cause of action had been assigned to PST & B by operation of AS 23.30.015(c) when PST & B deposited $10,000 into the second injury fund. Although PST & B's insurer had reassigned the cause of action back to Croxton, the court held that such reassignments of personal injury claims are invalid.

We reverse on the ground that the reassignment in this case was not invalid.

## I.

When an employee is injured or killed on the job, the employer's liability as specified in the Alaska Workers' Compensation Act is generally exclusive of all other statutory or common law liability. AS 23.30.055. Thus, the estate of an employee killed in a work-related accident does not have a wrongful death action against the employer. However, this statutory scheme does not relieve third parties from liability. AS 23.30.015.

If an employee with dependents is killed at work, the employer must pay (1) reasonable funeral expenses not to exceed $2,500 and (2) additional compensation that depends on the level of the employee's previous wages. AS 23.30.215(a)(2). If the deceased employee had no dependents, the employer must pay the funeral expenses but is not required to make additional compensation to the employee's estate. AS 23.30.215(a).

When an employee having no dependents is killed at work, in addition to paying funeral expenses, the employer or insurance company must pay $10,000 into the workers' compensation second injury fund. AS 23.30.040(c). This fund is available to partially reimburse all employers or insurance carriers who make payments to an injured employee whose injury was aggravated by a preexisting injury. AS 23.30.-205.

Once an employer pays into the second-injury fund pursuant to AS 23.30.040(c), any cause of action that the deceased has against a third party is assigned to the employer. AS 23.30.015(c). Alaska Statute 23.30.015 provides in part:

> (c) Payment of compensation into the second-injury fund as a result of death operates as an *assignment* to the employer of all rights of the representative of the deceased to recover damages from the third person.[1]

. . . . .

> (i) If the employer is insured and the carrier has assumed the payment of compensation, the carrier shall be *subrogated* to all the rights of the employer.

(Emphasis and footnote added). However, if the employer recovers on the assigned cause of action, either with or without instituting suit, the employer is entitled to retain only the amount paid as compensation or to the second-injury fund, plus reasonable costs and fees. AS 23.30.015(e)(1). If there is any excess recovery, the employer must pay it to the employee or the employee's dependents or estate. AS 23.-30.015(e)(2).

## II.

This court has never addressed whether a cause of action for unliquidated personal injuries can be assigned by contract. In *Ishmael v. City Electric of Anchorage, Inc.*, 91 F.Supp. 688, 689 (D.Alaska 1950), the federal district court held that "[i]n the absence of a statute to the contrary, tort actions for personal injuries do not survive, nor are they assignable." Various other courts have reached the same conclusion. *See, e.g., Putnam v. Continental Air Transp. Co.*, 297 F.2d 501, 503 (7th Cir. 1961) (applying Illinois law); *Ross v. Superior Court*, 128 Ariz. 301, 625 P.2d 890, 891

---

1. These sections are based almost word-for-word on sections 33(c) and (h) of the federal Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 933(c), (h).

(1981) ("[w]e now hold that the claim assigned to the insurance carrier by operation of law is neither assignable to a third person nor reassignable to the insurance claimant"—a holding now superseded by Ariz.Rev.Stat.Ann. § 23–1023 (1983)); *North Chicago St. Ry. Co. v. Ackley*, 171 Ill. 100, 49 N.E. 222, 225–26 (1897) (assignment of personal injury claims is against public policy); *Travelers Indem. Co. v. Chumbley*, 394 S.W.2d 418, 423–24 (Mo. App.1965). Similarly, the Restatement of Contracts § 547(1) (1932) states that it is illegal and ineffective to assign a claim for personal injury that has not been reduced to judgment. Restatement (Second) of Contracts § 317 comment c (1981) observes that "the historic common-law rule that a chose in action could not be assigned has largely disappeared. It remains applicable to some non-contractual rights, particularly claims for damages for personal injury...."

As for why such causes of action could not be assigned, some courts have "felt that unscrupulous people would purchase causes of action and thereby traffic in law suits for pain and suffering."[2] *Harleysville Mut. Ins. Co. v. Lea*, 2 Ariz.App. 538, 410 P.2d 495, 498 (App.1966) (citing *Rice v. Stone*, 83 Mass. 566 (1861)). While this reason may be sensible in other situations, it has little force in the specific context of an insurer *re*assigning a right of action back to the estate of a deceased employee. In this limited context, the purchase and sale of a cause of action for pain and suffering would be between the employer (or insurer) and the estate of the deceased employee. This type of transaction is considerably less offensive to us than when an unrelated third party purchases the rights to such a cause of action.

The Fourth Circuit, when confronted with a similar question, stated:

> Neither do we find any merit in the defendant's reliance upon the general rule of the non-assignability of personal injury claims. In the first place, the reassignment in question (like the initial statutory assignment) affects only the right to bring and control action on the claim; it does not affect the beneficial interests in that claim.... All that is involved is a recasting of real party in interest status for the purpose of prosecuting a claim in which there remain joint beneficial interests. More importantly, the main purposes of the general rule of non-assignability of claims for personal injury are not offended by this type reassignment. Those purposes, to prevent unscrupulous strangers to an occurrence from preying on the deprived circumstances of an injured person, and to prohibit champerty, simply have no applicability where the assignment is to the injured person himself.

*Caldwell v. Ogden Sea Trans.*, 618 F.2d 1037, 1048 (4th Cir.1980) (footnote omitted). We agree. In the absence of any public policy against such reassignments, we see no reason to prevent them. We hold that the superior court erred in determining that the reassignment of the cause of action against Crowley from INA to Croxton was invalid.

REVERSED and REMANDED for proceedings consistent with this opinion.

---

2. Other courts have held that such causes of action were not assignable because they did not survive the death of the injured party. *See Ishmael*, 91 F.Supp. at 689; *see also* 6 Am.Jur.2d *Assignments* § 39 (1963) (and cases cited therein). In Alaska, all causes of action except defamation survive. AS 09.55.570.