HECTOR GONZALEZ, Plaintiff-Appellant, v. EVANSTON FUEL AND MA-
TERIAL COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—93—0984

Opinion filed June 30, 1994.

Gleason & Fritzshall, of Chicago (Rick A. Gleason and Jeffrey W. Anderson, of counsel), for appellant.

Kiesler & Berman, of Chicago (Richard T. Valentino, of counsel), for appellees.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Hector Gonzalez, appeals from an order of the circuit court of Cook County that allowed the defendants, Evanston Fuel & Material Company and Kenneth Nelson, to apply a workers' compensation lien against a jury verdict in the plaintiff's favor. The defendants were assigned the lien as part of a settlement of their contribution claim against the plaintiff's employer. We consider: (1) whether an employer's lien for workers' compensation benefits paid to an injured employee is assignable; and (2) whether the defendants could apply the lien against the jury verdict. For the following reasons, we affirm.

The plaintiff sustained serious injuries while acting in the course of his employment with Olga Adams Construction, Inc. (employer). As a result of those injuries, the plaintiff received approximately $73,000 in workers' compensation benefits from his employer.

The plaintiff filed an action on September 8, 1987, alleging that he sustained injuries as a result of the defendants' negligence. The defendants answered the plaintiff's complaint denying its material allegations and filed a third-party complaint for contribution against the plaintiff's employer.

Before trial, the defendants settled their contribution claim against the plaintiff's employer. Pursuant to the terms of the settlement, the defendants paid the plaintiff's employer $26,000 and dismissed their contribution claim in exchange for an assignment of the employer's $73,000 workers' compensation lien. An order

dismissing the defendants' third-party complaint for contribution was entered on November 18, 1992.

The plaintiff's action against the defendants was tried before a jury which returned a verdict in favor of the plaintiff for $150,000 on November 24, 1992. After judgment was entered on the verdict, the defendants asserted that they would apply the workers' compensation lien assigned to them by the plaintiff's employer, less attorney fees and expenses, in partial satisfaction of the plaintiff's judgment.

The plaintiff filed a motion on December 17, 1992, requesting the trial court to disallow what he termed a setoff of the lien against the verdict or, in the alternative, to limit the setoff to the $26,000 the defendants actually paid his employer. The trial judge initially ruled that the defendants could only setoff the amount that they had paid for the lien against the verdict; however, on reconsideration, the judge denied the plaintiff's motion, the effect of which was to allow the defendants to apply the full amount of the workers' compensation lien, less attorney fees and expenses, in partial satisfaction of the judgment entered against them. The plaintiff filed a timely notice of appeal.

OPINION

In urging reversal, the plaintiff argues that: (1) the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)) prohibits an employer from assigning its lien for workers' compensation benefits; and (2) the Joint Tortfeasor Contribution Act (Contribution Act) (740 ILCS 100/0.01 *et seq.* (West 1992)), precludes the defendants from applying the lien in partial satisfaction of the judgment entered against them. For the following reasons, we disagree with both arguments.

●1 In support of his argument under the Workers' Compensation Act, the plaintiff relies upon section 21 of the Act, which provides in pertinent part:

> "No payment, claim, award or decision under this Act shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages ***." (820 ILCS 305/21 (West 1992).)

The plaintiff contends that section 21 prohibits an employer from assigning its lien for benefits paid to an injured employee.

●2 When the employer in this case paid workers' compensation benefits to the plaintiff, a lien in the amount of the benefits paid arose in the employer's favor against any compensation which the plaintiff might receive from a third party liable in damages for the same injury. (See 820 ILCS 305/5(b) (West 1992).) The lien is intended

to reimburse the employer for the compensation benefits paid to the employee. *Foster v. Devilbiss Co.* (1988), 174 Ill. App. 3d 359, 529 N.E.2d 581.

In construing section 21 of the Workers' Compensation Act, we must look to the language used in the statute as the best indicator of legislative intent, and the words must be given their plain and ordinary meaning. (*In re Estate of Callahan* (1991), 144 Ill. 2d 32, 43, 578 N.E.2d 985.) When the intent of the statute can be ascertained from the language used, it must be given effect without resorting to other rules of statutory construction. (*Henry v. St. John's Hospital* (1990), 138 Ill. 2d 533, 541, 563 N.E.2d 410.) When construing a statute, a court should also consider the purposes to be achieved by the law. *Callahan*, 144 Ill. 2d at 43.

•3 The plain language of section 21 does not relate to whether an employer's lien for workers' compensation benefits is assignable. The section only refers to whether a "payment, claim, award or decision" is assignable. (820 ILCS 305/21 (West 1992).) An employer's lien for workers' compensation benefits is not a payment, claim, award, or decision as used in the section. It is apparent from the language of the section that the prohibition of the assignment of payments, claims, awards, or decisions was intended to protect the employee and insure that he receives the workers' compensation benefits to which he is entitled. (*Lasley v. Taswell Coal Co.* (1921), 223 Ill. App. 462, 463.) As a result, section 21 does not support the plaintiff's argument that the Workers' Compensation Act prohibits an employer from assigning its lien.

In *Foster*, which the defendants rely on, the appellate court tacitly approved an assignment of a workers' compensation lien under circumstances similar to the present case although it did not directly address the issue. The defendant in *Foster* brought a third-party contribution claim against the plaintiff's employer, and as part of a settlement, the employer assigned its workers' compensation lien to the defendant. On appeal from a jury verdict in the plaintiff's favor, the court allowed the defendant to apply the full amount of the lien, less statutory fees and costs, against the verdict.

The Workers' Compensation Act does not prohibit an employer from assigning its lien. The employer's assignment of a workers' compensation lien does not affect the employee's recovery from a third party who may be liable for the injury; whether the lien is held by the employer or assigned to another, the employee's net recovery from the third party is the same. If the lien was not assigned to the defendants in this case, it would still have to be repaid in full, subject to costs and fees, from the judgment in the plaintiff's favor. For these

reasons, the plaintiff's argument that the employer could not assign its lien is without merit.

●4 In support of his argument that the Contribution Act precludes the defendants from applying the lien to reduce the amount of the judgment entered against them, the plaintiff presents several contentions: (1) the employer was not subject to liability in tort for the injuries for which he sought recovery against the defendants; (2) the plaintiff did not enter into a settlement with his employer or participate in the settlement between the defendants and his employer; and (3) the defendants did not obtain a finding of good faith as to the settlement.

The Contribution Act provides for a right of contribution among two or more persons who are subject to liability in tort for the same injury or wrongful death. (740 ILCS 100/2(a) (West 1992).) Section 2(c) of the Act provides that a good-faith settlement between a plaintiff and a tortfeasor does not discharge the liability of any of the other tortfeasors but reduces the plaintiff's recovery on any claim against the others. (740 ILCS 100/2(c) (West 1992).) A tortfeasor who settles in good faith with a claimant is discharged from any liability for contribution. (740 ILCS 100/2(d) (West 1992).) However, the Act does not affect "[a] plaintiff's right to recover the full amount of his judgment from any one or more defendants subject to liability in tort." 740 ILCS 100/4 (West 1992).

The plaintiff's assertion that his employer was not subject to liability in tort for the purposes of the Contribution Act due to the exclusive remedy of the Workers' Compensation Act is wrong and contrary to the holding of our supreme court in *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 14, 461 N.E.2d 382. However, the main flaw in the plaintiff's arguments under the Contribution Act stems from his incorrect initial premise; namely, that the Contribution Act governs the settlement of a contribution claim effectuated solely by and between the parties subject to liability in tort to the plaintiff.

The Contribution Act governs the effect that a good-faith settlement between a claimant (plaintiff) and one or more, but less than all, of the parties liable to the claimant in tort has upon the contribution liability of the settling tortfeasors and the setoff rights of the nonsettling tortfeasors. No provision of the Act addresses the circumstance present in this case, where two tortfeasors settled their contribution action without either having settled with the plaintiff. The Contribution Act does not apply to the settlement in the instant case. The plaintiff's employer did not seek to discharge its potential liability for contribution to the defendants through a good-faith settlement with the plaintiff which would invoke the Contribution

Act, nor did the defendants seek a setoff by reason of such a settlement. Absent a claimed right to a setoff under the Contribution Act, the failure of the defendants to obtain a good-faith finding under the Act is wholly irrelevant.

•5 Intertwined with his arguments under the Contribution Act, the plaintiff makes a passing argument that the workers' compensation payments made to him are a collateral source which should not be set off against the judgment in his favor. (See *Wilson v. Hoffman Group, Inc.* (1989), 131 Ill. 2d 308, 320, 546 N.E.2d 524; *Higginbottom v. Pillsbury Co.* (1992), 232 Ill. App. 3d 240, 255, 596 N.E.2d 843.) Under the collateral source rule, benefits that an injured party receives from a source independent of and collateral to the tortfeasor will not reduce the damages which are otherwise recoverable from the tortfeasor. (*Wilson*, 131 Ill. 2d at 320.) With this argument, the plaintiff again ignores the effect of the workers' compensation lien which the defendants hold by assignment from his employer. The plaintiff's recoverable damages were not reduced because of the workers' compensation benefits that he received; rather, his judgment against the defendants was reduced by the amount of the workers' compensation lien that encumbered his recovery. The collateral source rule does not apply here to foreclose the defendants from applying their lien; the plaintiff must repay the lien even though the lien holders are the defendants rather than his employer.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

JOHNSON and CAHILL, JJ., concur.