Allen C. WICHMAN, Appellant,

v.

Richard BENNER, individually, Richard Benner, d/b/a State Leasing and Equipment, State Leasing and Equipment, Inc., an Alaskan corporation, and Northland Insurance Company, Appellees.

No. S–7603.

Supreme Court of Alaska.

Nov. 21, 1997.

---

Clay A. Young, Delaney, Wiles, Hayes, Gerety & Ellis, Inc., Anchorage, for Appellant.

Peter J. Maassen, Ingaldson Maassen, P.C., Anchorage, for Appellees.

Before MATTHEWS, C.J., and COMPTON, FABE and BRYNER, JJ.

## OPINION

FABE, Justice.

### I. INTRODUCTION

The central issue in this appeal is whether an employer or insurance carrier may assign its statutory right to reimbursement of workers' compensation benefits from the recovery of an injured employee against a third party. The superior court held that the right to reimbursement could be assigned and enforced for its full value, even if the assignee purchased it at a discount. This appeal also presents the question whether the superior court erred in granting the assignee's motion to intervene after judgment to enforce the right to reimbursement. We affirm.

### II. FACTS AND PROCEEDINGS

We summarized the underlying facts of this case in *Benner v. Wichman,* 874 P.2d 949 (1994). Allen Wichman was injured on July 25, 1989 while working with Richard Benner to remove and replace used fuel tanks. *Id.* at 950. Wichman received workers' compensation benefits for the injury from his employer, B–C Excavating, and filed a complaint against Benner and his employer, State Leasing & Equipment, Inc. (collectively, Benner). *Id.* at 951. The superior court ruled that "as a matter of law Wichman was not comparatively negligent," and the jury awarded Wichman $65,000. *Id.* On appeal, we held that the superior court erred in ruling that Wichman was not comparatively negligent as a matter of law and remanded to the superior court for a second

trial to allocate the fault between Benner and Wichman. *Id.* at 955.

In August 1994 Benner's liability insurer, Northland Insurance Company (Northland), paid $10,000 to Alaska National Insurance Company (Alaska National) for an assignment of Alaska National's right to reimbursement under AS 23.30.015(g)[1] of the $33,837.53 of workers' compensation benefits it paid to Wichman. Efforts to settle the case failed, and trial on the issue of comparative negligence took place in October 1994. The jury found that Wichman's portion of the fault for his injuries was six percent, and the court ordered Benner to pay $61,000 plus prejudgment interest, costs, attorney's fees, and post-judgment interest for a total judgment of approximately $111,000.

Benner filed motions for attorney's fees and costs and for a reduction of the verdict by the amount of the right to reimbursement of workers' compensation benefits assigned to Northland. The court denied these motions. Benner then agreed to pay Wichman $76,591.57 and deposit the disputed amount of $35,211.43 with the court. The stipulation stated that "the parties anticipate a motion will be promptly filed with this Court for the following relief: (1) a determination of the lien's validity and amount, and (2) release of the deposited sum."

On August 1, 1995, Wichman filed a motion asking that the funds be released to him. On August 15, 1995, Northland moved to intervene as of right under Alaska Rule of Civil Procedure 24(a), filed an opposition to Wichman's motion for release of the disputed funds, and cross-moved for immediate release of the funds to it. After hearing oral argument on these motions, the superior court granted Northland's motion for release of funds. Wichman objected that the court had not expressly permitted Northland to intervene, and the superior court clarified its order with a second order issued February 26, 1996. The second order granted Northland's motion to intervene, noted that Northland had conceded that the amount subject to reimbursement should be reduced by one-third for attorney's fees under *Cooper v. Argonaut Insurance Cos.*, 556 P.2d 525 (Alaska 1976), and ruled that Northland was entitled to prejudgment interest on the recovered benefits. Northland submitted calculations supporting a recovery of $34,654.95 after a deduction for attorney's fees and additions for pre- and post-judgment interest. Wichman submitted no calculations. On April 10, 1996, the superior court ordered disbursal of $34,654.95 to Northland. Wichman appeals.

### III. DISCUSSION

A. *The Superior Court Did Not Err in Ruling that Alaska National Could Validly Assign to Northland the Right to Recover Workers' Compensation*

---

1. Alaska Statute 23.30.015 provides in relevant part:

(a) If on account of disability or death for which compensation is payable under this chapter the person entitled to the compensation believes that a third person other than the employer or a fellow employee is liable for damages, the person need not elect whether to receive compensation or to recover damages from the third person.
. . . .
(e) An amount recovered by the employer under an assignment, whether by action or compromise, shall be distributed as follows:
(1) the employer shall retain an amount equal to
(A) the expenses incurred by the employer in respect to the action or compromise, including a reasonable attorney fee determined by the board;
(B) the cost of all benefits actually furnished by the employer under this chapter;
(C) all amounts paid as compensation and second-injury fund payments;

. . . .
(f) Even if an employee, the employee's representative, or the employer brings an action or settles a claim against the third person, the employer shall pay the benefits and compensation required by this chapter.
(g) If the employee or the employee's representative recovers damages from the third person, the employee or representative shall promptly pay to the employer the total amounts paid by the employer under (e)(1)(A), (B), and (C) of this section, insofar as the recovery is sufficient after deducting all litigation costs and expenses. Any excess recovery by the employee or representative shall be credited against any amount payable by the employer thereafter.
. . . .
(i) If the employer is insured and the carrier has assumed the payment of compensation, the carrier shall be subrogated to all the rights of the employer.

*Benefits under AS 23.30.015(g).*[2]

■ Alaska Statute 23.30.015(g) allows an employer or an employer's workers' compensation carrier to recover the workers' compensation benefits paid to an injured employee to the extent that the employee recovers from a third party. This statutory right to reimbursement "ensures that workers are compensated at acceptable rates for their work-related injuries, while minimizing employers' liability in cases where the workers have remedies against third-parties." *McCarter v. Alaska Nat'l Ins. Co.,* 883 P.2d 986, 991 (Alaska 1994).

■ Wichman contends that Alaska National's assignment of this statutory right to Benner's insurance carrier violates the general rule that, in the absence of a statute, tort actions for personal injuries are not assignable. *See Croxton v. Crowley Maritime Corp.,* 758 P.2d 97, 98 (Alaska 1988) (citations omitted). Citing the policy concerns raised and ultimately dismissed in *Croxton,* Wichman argues that permitting the assignment at issue is "offensive" to public policy because it "would encourage trafficking in lawsuits for pain and suffering."

We addressed a similar situation in *Deal v. Kearney,* 851 P.2d 1353 (Alaska 1993). In that case, the plaintiff sued a hospital for malpractice. *Id.* at 1354. The hospital settled with the plaintiff and, as part of the settlement, assigned its claims for "indemnity, equitable subrogation, and contribution" against the plaintiff's doctor to the plaintiff. *Id.* We held that this assignment did not violate the public policy against champerty and maintenance because the hospital's claims did not involve "a 'personal injury' subject to the general rule on non-assignability." *Id.* at 1356. As with the assigned claims in *Deal,* the right to recover workers' compensation benefits created by AS 23.30.015(g) involves no "personal injury" to

Alaska National, but merely the "incurrence of a monetary obligation ... the claim for which [is] clearly assignable." Indeed, this characterization applies more forcefully to the fully liquidated right to reimbursement at issue here than to the unliquidated claims we considered in *Deal.* Thus, the right to reimbursement, unlike the claim we considered in *Croxton,* is not "a cause of action for unliquidated personal injuries," and its assignment does not raise the policy concerns we considered in that case.[3]

■ Wichman argues in the alternative that if the assignment of the right to reimbursement is valid, Northland should be able to enforce it for no more than $10,000, the amount it paid Alaska National. He contends that allowing Northland to receive the full value of the lien would provide it with "a windfall at the expense of the injured party."

We disagree. Under AS 23.30.015(g), Wichman is entitled to retain only damages in excess of the workers' compensation benefits he received from Alaska National, less attorney's fees. *See Cooper v. Argonaut Insurance Cos.,* 556 P.2d 525, 526 (Alaska 1976). As an Illinois court stated in referring to the right to reimbursement as a "workers' compensation lien":

> The employer's assignment of a workers' compensation lien does not affect the employee's recovery from a third party who may be liable for the injury; whether the lien is held by the employer or assigned to another, the employee's net recovery from the third party is the same. If the lien was not assigned to the defendants in this case, it would still have to be repaid in full, subject to costs and fees, from the judgment in the plaintiff's favor. For these reasons, the plaintiff's argument that the employer could not assign its lien is without merit.

2. We review questions of law using our independent judgment, adopting "the rule of law that is most persuasive in light of precedent, reason, and policy." *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

3. Courts in both Illinois and California have reached a similar conclusion. *See Gonzalez v. Evanston Fuel & Material Co.,* 265 Ill.App.3d 520, 202 Ill.Dec. 152, 153–54, 637 N.E.2d 691,

692–93 (1994); *Engle v. Endlich,* 9 Cal.App.4th 1152, 12 Cal.Rptr.2d 145, 153–54 (1992). Wichman attempts to distinguish these cases by arguing that the workers' compensation law in Illinois and California is "dramatically different" with regard to the right to reimbursement. However, the distinctions he points out are not relevant to the issue before us.

*Gonzalez v. Evanston Fuel & Material Co.,* 265 Ill.App.3d 520, 202 Ill.Dec. 152, 154, 637 N.E.2d 691, 693 (1994). Therefore, any "windfall" received by Northland is at the expense of Alaska National, not Wichman.

Furthermore, the assignment of the right to reimbursement at a discount is not without the potential for risk to the assignee and benefit to the assignor. As the California Court of Appeals observed (again using the phrase "workers' compensation lien"):

> A worker's compensation insurer may be willing to assign its lien for benefits paid on behalf of an employee/plaintiff for a sum less than face value on the theory a bird in hand is worth two in the bush. This is particularly true where the insurer may have some concern about the extent of the employer's concurrent negligence in causing the employee's injury. A party who purchases a workers' compensation lien, prior to a judgment against which the lien could be imposed, is speculating that there will be a judgment to which the lien can attach, and that the amount of the lien will exceed the employer's proportionate share of any concurrent negligence. Accordingly, both gamble and can benefit from the assignment of the lien at a discount.

*Engle v. Endlich,* 12 Cal.Rptr.2d 145, 152–53, 9 Cal.App.4th 1152 (1992). Although an employer's comparative negligence does not reduce its right to reimbursement under Alaska law, *Lake v. Construction Machinery, Inc.,* 787 P.2d 1027, 1031 (Alaska 1990), the *Engle* court's reasoning is applicable to this case. If the jury on retrial had found Wichman's share of fault for his injury to be greater than it did, Northland might have recovered less than the full value of the benefits paid by Alaska National or even less than it paid for the assignment.[4]

Therefore, we hold that the assignment by Alaska National to Northland of its right to reimbursement under AS 23.30.015(g) did not violate the general rule prohibiting assignment of tort actions for personal injuries. The superior court properly ruled that Northland could enforce its assigned right for the full amount of the benefits paid Wichman.

**B. *The Superior Court Did Not Err by Allowing Northland to Intervene.*[5]**

Wichman argues that the superior court erred by granting Northland's motion to intervene because Northland's motion was not timely. In determining whether a motion to intervene as of right is timely, the trial court "must weigh the lapse of time in the light of all the circumstances of the case," focusing on whether any "delay in moving for intervention will prejudice the existing parties to the case." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1916 (1986).

Wichman argues that allowing intervention "substantially prejudiced [his] rights, significantly delayed his receipt of funds lawfully due him as a result of judgments of the trial court, and impaired the administration of justice." These arguments are not persuasive. Northland did not intervene until after Wichman had already entered a stipulation to receive virtually all the money to which he was entitled. Furthermore, the superior court's grant of the motion for intervention aided the administration of justice by avoiding a separate suit against Wichman by Northland on the assigned right to reimbursement.

Indeed, permitting Northland to intervene earlier in the litigation could have constituted reversible error. In *Tolan v. ERA Helicop-*

---

4. Despite Wichman's argument, *Dowd v. State Dep't of Law & Pub. Safety, Div. of Motor Vehicles,* 153 N.J.Super. 439, 379 A.2d 1298 (A.D. 1977) is inapposite. *Dowd* deals with the computation of an employer's pro rata share of attorney's fees for the employee's recovery against a third party, not the value of an assigned right to reimbursement. *Id.,* 379 A.2d at 1298–1300.

5. We review the superior court's grant of intervention as of right for abuse of discretion, impos-

ing a "four-part test ... to determine if the court is required to grant intervention as a matter of right: (1) the motion must be timely; (2) the applicant must show an interest in the subject matter of the action; (3) it must be shown that this interest may be impaired as a consequence of the action; and (4) it must be shown that the interest is not adequately represented by an existing party." *State v. Weidner,* 684 P.2d 103, 113 (Alaska 1984).

*ters, Inc.*, 699 P.2d 1265, 1266–70 (Alaska 1985), we held that, because of the potential for prejudice to the employee, the trial court erred by joining the holder of a right to reimbursement of workers' compensation benefits as party plaintiff before trial in an employee's suit against a third party. Although *Tolan* involved compulsory joinder, the same reasoning compelled a New Mexico Court of Appeals to reverse a trial court's decision to allow a workers' compensation carrier to intervene in the employee's suit "prior to a judgment for damages being awarded." *Fernandez v. Ford Motor Co.*, 118 N.M. 100, 879 P.2d 101, 108 (1994). The New Mexico court noted that permitting earlier intervention risked prejudicing the employee or creating a conflict of interest between the parties, particularly where the holder of the lien is the insurer of the defendant. *Id.* It further reasoned that earlier intervention is not warranted because the "right to reimbursement does not arise unless and until there has been a recovery" by the employee. *Id.*

In this case, Northland moved to intervene only after the superior court's denial of Benner's motion to reduce the verdict raised the possibility that Wichman would recover the full amount of the judgment. Its motion came only two weeks after Wichman's motion that the disputed funds be released to him. In light of these circumstances and the relevant precedent, we conclude that Northland's motion to intervene as of right was timely and affirm the superior court's decision to grant it.

## IV. CONCLUSION

Therefore, the judgment of the superior court is AFFIRMED.

EASTAUGH, J., not participating.