*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| RAYMOND DAPO, ) | |
| ) | Supreme Court No. S-17878 |
| Appellant, ) | |
| ) | Superior Court No. 4FA-15-01892 CI |
| v. ) | |
| ) | O P I N I O N |
| STATE OF ALASKA, DEPARTMENT ) | |
| OF HEALTH & SOCIAL SERVICES, ) | No. 7593 – May 13, 2022 |
| OFFICE OF CHILDREN'S SERVICES ) | |
| and TAUN LUCAS, ) | |
| ) | |
| Appellees. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Michael P. McConahy, Judge.

Appearances: Michael C. Kramer and Robert John, Kramer and Associates, Fairbanks, for Appellant. Aisha Tinker Bray, Assistant Attorney General, Fairbanks, and Treg R. Taylor, Attorney General, Juneau, for Appellee State of Alaska. No appearance by Appellee Taun Lucas.

Before: Winfree, Chief Justice, Maassen and Henderson, Justices. [Carney and Borghesan, Justices, not participating.]

HENDERSON, Justice.

I.     INTRODUCTION

A man filed suit against his adoptive mother for sexual abuse that allegedly occurred 13 years earlier. He then agreed to release the adoptive mother from liability

in exchange for her filing a third-party equitable apportionment claim against the Office of Children's Services (OCS) and assigning the claim to him. OCS challenged the validity of this assignment. The superior court agreed with OCS that the assignment of the adoptive mother's apportionment claim was void; it invalidated the assignment, dismissed the claim with prejudice, and awarded OCS attorney's fees. The man appeals. Because a defendant prosecuting a third-party equitable apportionment claim possesses nothing in the claim itself that may be assigned, we hold that such claims are not assignable, and we affirm the superior court's invalidation of the assignment in this case. But we also conclude that it was error to dismiss the apportionment claim with prejudice; we thus vacate the order of dismissal and remand for the court to provide the adoptive mother a reasonable time to decide whether to pursue the claim herself.

## II.    FACTS AND PROCEEDINGS

### A.    Facts

Raymond Dapo was born in 1990. OCS[1] assumed custody of him ten years later and placed him with Taun Lucas, a foster parent who later adopted him. Dapo claimed that Lucas then began sexually abusing him. Lucas denied that claim and alleged that Dapo sexually assaulted her.

### B.    Proceedings

In May 2015, when Dapo was 24 years old, he filed a complaint against Lucas alleging that she had sexually abused him as a minor. During the subsequent

---

[1]    The responsible agency at the time was the Division of Family and Youth Services, OCS's predecessor agency. We use the acronym OCS for consistency and ease of reference.

months, Dapo and Lucas negotiated an agreement. Dapo agreed to release Lucas from liability for his sexual abuse claims in exchange for Lucas filing a third-party claim against OCS for equitable apportionment and assigning the claim to Dapo.[2]  In September 2015 Lucas followed through on the agreement and filed a third-party apportionment claim against OCS.[3]

OCS moved to dismiss Lucas's apportionment claim on multiple grounds, including that it was barred by the statute of repose[4] and that it was non-assignable. The superior court denied the dismissal motion, reasoning that the statute of repose was unconstitutional as applied, but did not address OCS's assignability argument. In *State, Office of Children's Services v. Dapo* (*Dapo I*)[5] we granted OCS's petition for review on the statute of repose issue, vacated the superior court's order, and "instructed the

---

[2]     An equitable apportionment claim permits "a defendant, as a third-party plaintiff, . . . to add as a third-party defendant any person whose fault may have been a cause of the damages claimed by the plaintiff." Alaska R. Civ. P. 14(c). "Judgment may [then] be entered against [the] third-party defendant in favor of the plaintiff in accordance with the third-party defendant's respective percentage [apportioned] of fault . . . ." *Id.*

[3]     Given the time elapsed since the underlying events transpired, Dapo would likely have been barred from bringing his own claims against OCS by the two-year statute of limitations in AS 09.10.070, even allowing for tolling under AS 09.10.140(a). *See Reasner v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 394 P.3d 610, 614-18 (Alaska 2017) (discussing statute of limitations and holding that legislature did not remove limitations period for "negligence suits against non-perpetrators" when it allowed suits against alleged perpetrators of specified sexual offenses to be brought "at any time"). Lucas's equitable apportionment claim against OCS, however, was not subject to the statute of limitations in AS 09.10.070. *See Alaska Gen. Alarm, Inc. v. Grinnell*, 1 P.3d 98, 106 (Alaska 2000).

[4]     AS 09.10.055.

[5]     No. S-16339 (Alaska Supreme Court Order, July 18, 2017).

superior court to first determine whether the statute of repose applied to Dapo's claims before considering its constitutionality."[6]

On remand, the superior court invited the parties to file additional briefing to address the statute of repose. Both parties did so. OCS also renewed its argument that apportionment claims are not assignable. The superior court again declined to address OCS's assignability argument; instead, the court held that the statute of repose barred Lucas's apportionment claim and dismissed it with prejudice. Dapo appealed, and we reversed in *Dapo v. State, Office of Children's Services* (*Dapo II*).[7] We concluded that the statute of repose applied to Lucas's apportionment claim, but potentially applicable exceptions precluded dismissal of the claim at that time.[8] We thus remanded "to the superior court for further proceedings consistent with [our] opinion."[9] We did not address whether the apportionment claim was assignable.[10]

OCS filed a motion for summary judgment on remand, contending that the superior court should dismiss the apportionment claim with prejudice because no exception to the statute of repose applied. OCS simultaneously filed a separate motion to invalidate the assignment of the apportionment claim. OCS again renewed its argument that apportionment claims are not assignable and also argued that the assignment in this case was void on various public policy grounds. The court granted OCS's motion to declare the assignment void on public policy grounds, holding that

---

[6]      *Dapo v. State, Off. of Child.'s Servs.* (*Dapo II*), 454 P.3d 171, 174 (Alaska 2019) (referring to *Dapo I*).

[7]      *Id.*

[8]      *Id.* at 177-80.

[9]      *Id.* at 182.

[10]      *See id.* at 171-82.

"[t]he assignment of rights by a tortfeasor to her victim in order to pursue a time-barred claim against a third party is invalid and void as against public policy." The court did not address the assignability of apportionment claims more generally and did not rule on OCS's summary judgment motion related to the statute of repose, instead determining that motion to be moot. Despite its lack of ruling on that summary judgment motion, the court dismissed Lucas's apportionment claim with prejudice.

OCS then moved for attorney's fees against Dapo. Dapo responded that Lucas should bear the liability for attorney's fees because the assignment of her claim was void, so it was her third-party complaint, not Dapo's, that was dismissed. The superior court awarded attorney's fees against Dapo, explaining that Dapo was "the source of this continued litigation."

Dapo appeals.

## III. STANDARDS OF REVIEW

We review questions of law de novo, including whether a party has standing to sue,[11] whether the superior court correctly applied our mandate on remand,[12] and whether an assignment of rights is valid.[13] "The superior court's procedural decisions generally are reviewed for abuse of discretion."[14]

## IV. DISCUSSION

### A. The Superior Court Did Not Err By Allowing OCS To Challenge The Assignment Of Lucas's Equitable Apportionment Claim.

Dapo argues that the superior court made two fundamental errors when it

---

[11]  *Bibi v. Elfrink*, 408 P.3d 809, 814 (Alaska 2017).

[12]  *Beal v. Beal*, 209 P.3d 1012, 1016 (Alaska 2009).

[13]  *Wichman v. Benner*, 948 P.2d 484, 486-87, 487 n.2 (Alaska 1997).

[14]  *Marcy v. Matanuska-Susitna Borough*, 433 P.3d 1056, 1059 (Alaska 2018).

allowed OCS to challenge the assignment of Lucas's equitable apportionment claim. First, Dapo asserts that OCS lacked standing to challenge the assignment. Second, Dapo contends that our prior decision in *Dapo II* precludes OCS's challenge. We disagree.

### 1. OCS has standing to challenge the assignment.

Dapo argues that OCS lacks standing "because the assignment does not impact the scope or extent of OCS's direct liability to Dapo." According to Dapo, "the assignment presents *no* issue as to OCS's responsibility to pay its proportionate share of damages." OCS counters that it "has a substantial stake in the outcome of the controversy" because it "would not be a party today" without the assignment.

Standing in Alaska courts "is a 'rule of judicial self-restraint based on the principle that courts should not resolve abstract questions or issue advisory opinions.' "[15] "[A] basic requirement of standing is adversity of interests."[16] This requirement ensures "that parties will energetically pursue their opposing positions and present facts necessary for the fair resolution of the case."[17] A party satisfies the adversity requirement when the party has "a 'sufficient personal stake' in the outcome of the

---

[15] *Bibi*, 408 P.3d at 816 (quoting *Ruckle v. Anchorage Sch. Dist.*, 85 P.3d 1030, 1034 (Alaska 2004)).

[16] *Id.* (alteration in original) (quoting *Law Project for Psychiatric Rights, Inc. v. State*, 239 P.3d 1252, 1255 (Alaska 2010)).

[17] *Myers v. Robertson*, 891 P.2d 199, 203 (Alaska 1995).

controversy and 'an interest which is adversely affected by the complained-of conduct.' "[18] "Neither the interest nor the injury asserted need be great; 'an identifiable trifle is enough for standing to fight out a question of principle.' "[19]

OCS has standing to challenge the assignment. Prior to the assignment agreement, Lucas had responded to Dapo's complaint but had not filed an equitable apportionment claim. Dapo then agreed to release Lucas from liability contingent upon Lucas filing an apportionment claim against OCS and assigning the claim to Dapo. In other words, Lucas expressly undertook an obligation to initiate legal proceedings against OCS — then did so — as part of the agreement to assign her apportionment claim to Dapo. While Lucas could have pursued a claim against OCS absent the assignment agreement, she would have no obligation to do so. OCS therefore has a "sufficient personal stake" in this controversy and "an interest which is adversely affected by the complained-of conduct."[20]

### 2. OCS's challenge was not already raised and resolved.

Dapo also contends that the "limited scope of remand" in *Dapo II* precludes OCS's challenge to the assignment, relying on both the law of the case doctrine and his interpretation of our mandate. OCS disagrees, noting that *Dapo II* "did not decide any substantive issue concerning the assignment."

"The law of the case doctrine is 'a doctrine of economy and of obedience

---

[18]     *Keller v. French*, 205 P.3d 299, 304 (Alaska 2009) (footnote omitted) (first quoting *Ruckle*, 85 P.3d at 1040; and then quoting *Alaskans for a Common Language, Inc. v. Kritz*, 3 P.3d 906, 915 (Alaska 2000)).

[19]     *Gilbert M. v. State*, 139 P.3d 581, 586 (Alaska 2006) (quoting *Wagstaff v. Superior Ct., Fam. Ct. Div.*, 535 P.2d 1220, 1225 n.7 (Alaska 1975)).

[20]     *Keller*, 205 P.3d at 304 (first quoting *Ruckle*, 85 P.3d at 1040; and then quoting *Alaskans for a Common Language, Inc.*, 3 P.3d at 915).

to the judicial hierarchy' "[21] that "is 'grounded in the principle of stare decisis' and 'akin to the doctrine of res judicata.' "[22] It "generally 'prohibits the reconsideration of issues which have been adjudicated in a previous appeal in the same case.' "[23] "Even issues not explicitly discussed in the first appellate opinion, but directly involved with or necessarily inhering in the decision will be considered the law of the case."[24] And "when a party appeals some aspects of a trial court decision but not others, the trial court's rulings on the non-appealed issues may become the law of the case following the appellate decision."[25] "Previous decisions on such issues . . . should not be reconsidered on remand or in a subsequent appeal except 'where there exist "exceptional circumstances" presenting a "clear error constituting a manifest injustice." ' "[26]

No court had adjudicated the validity of the assignment until the decision underlying this appeal. Although OCS consistently argued to the superior court that the assignment was void, that court previously declined to address OCS's argument. Until now, there was no superior court decision on the validity of the assignment to appeal.

---

[21]     *Beal v. Beal*, 209 P.3d 1012, 1017 (Alaska 2009) (quoting *Dieringer v. Martin*, 187 P.3d 468, 473-74 (Alaska 2008)).

[22]     *Id.* at 1016 (first quoting *Alaska R.R. Corp. v. Native Vill. of Eklutna*, 142 P.3d 1192, 1201 (Alaska 2006); and then quoting *State, Com. Fisheries Entry Comm'n v. Carlson*, 65 P.3d 851, 859 n.52 (Alaska 2003)).

[23]     *Id.* (quoting *Carlson*, 65 P.3d at 859 n.52).

[24]     *Native Vill. of Eklutna*, 142 P.3d at 1201(quoting *Bowers Off. Prods., Inc. v. Fairbanks N. Star Borough Sch. Dist.*, 918 P.2d 1012, 1014 (Alaska 1996)).

[25]     *Beal*, 209 P.3d at 1017.

[26]     *Id.* at 1016-17 (quoting *Carlson*, 65 P.3d at 859).

And we did not analyze the assignment in *Dapo II*,[27] so its validity was not "directly involved" or "necessarily inhering" in our decision.[28] The law of the case doctrine thus does not preclude OCS's challenge to the assignment.

Our mandate in *Dapo II* also does not prevent OCS from challenging the assignment. Dapo misreads our prior mandate. In *Dapo II* we remanded to the superior court "for further proceedings consistent with this opinion,"[29] without providing any specific instructions to the court.[30] Contrary to Dapo's assertions, we did not remand specifically "for the parties to engage in litigation of the merits of Dapo's claims." Nor did we decide any substantive issues concerning the validity of the assignment.[31] OCS's motion to invalidate the assignment was thus consistent with our opinion, and the superior court did not err by reaching the merits of OCS's challenge to the assignment.

**B. The Superior Court Did Not Err By Declaring The Assignment Of Lucas's Equitable Apportionment Claim Void And Invalidating The Agreement Between Lucas And Dapo.**

On the merits Dapo argues that the superior court erred by declaring the assignment void. He contends that "the assignment of causes of action between otherwise-adverse parties to a transaction is routinely upheld" and analogizes equitable apportionment to other claims like contribution, indemnity, and subrogation. OCS responds that an equitable apportionment claim is not assignable because the defendant

---

[27] *See* 454 P.3d 171, 171-82 (Alaska 2019).

[28] *Beal*, 209 P.3d at 1017 (quoting *Carlson*, 65 P.3d at 859 n.52).

[29] *Dapo II*, 454 P.3d at 182.

[30] *Cf. Dieringer v. Martin*, 187 P.3d 468, 474 (Alaska 2008) (discussing prior decision remanding to superior court "for reconsideration of attorney's fees and fees of the personal representative in light of the conclusions expressed herein").

[31] *See Dapo II*, 454 P.3d at 171-82.

possesses nothing to convey. We agree with OCS and conclude that equitable apportionment claims are not assignable.[32] Furthermore, because the assignment was an essential part of the exchange, the agreement between Lucas and Dapo is unenforceable.

### 1. Equitable apportionment claims are not assignable because the defendant possesses nothing to convey.

Equitable apportionment is a mechanism for defendants "to mitigate their damages by filing third-party claims against other potentially responsible persons."[33] This "vindicat[es] not just the right of defendants to have damages apportioned in accordance with their fault, but the commensurate duty of responsible third parties to pay plaintiffs."[34] Alaska Civil Rule 14 defines the procedure for equitable apportionment, permitting "a defendant, as a third-party plaintiff, [to] join any party whose fault may have been a cause of the damages claimed by the plaintiff."[35] If the defendant's third-party claim succeeds, the court can enter judgment in favor of the plaintiff against the third-party defendant according to the percentage of apportioned fault.[36]

When an assignor assigns a legal claim to an assignee, what is assigned is

---

[32] Dapo also faults the superior court for ostensibly relying on "the perceived moral character of the assignor" to invalidate the assignment on public policy grounds, and he challenges one of the court's factual findings. We do not address these arguments because we conclude that equitable apportionment claims are not assignable for other reasons, and the challenged factual finding is irrelevant.

[33] *Alaska Gen. Alarm, Inc. v. Grinnell*, 1 P.3d 98, 101 (Alaska 2000).

[34] *Id.* at 102.

[35] *Id.* at 101 (citing Alaska R. Civ. P. 14(c)).

[36] *Pagenkopf v. Chatham Elec., Inc.*, 165 P.3d 634, 642 (Alaska 2007) (citing Alaska R. Civ. P. 14(c)).

called a "chose in action."[37] A chose in action is a proprietary right to a debt, money, or thing that can be recovered through a lawsuit.[38] Examples include "debts of all kinds, tort claims, rights to recover possession or ownership of real or personal property, various kinds of instruments and documents which embody property rights, and rights to intangible property."[39] The right must be "part of a person's estate, assets, or property, as opposed to a right arising from the person's legal status."[40]

Dapo is correct that, as a general rule, most legal claims can be assigned.[41] We have previously held, for example, that claims for contribution, indemnity, and

---

[37]     *See* 9 JOHN E. MURRAY, JR., CORBIN ON CONTRACTS § 47.2 (rev. ed. 2007); *PADRM Gold Mine, LLC v. Perkumpulan Inv. Crisis Ctr. Dressel - WBG*, 498 P.3d 1073, 1076-77 (Alaska 2021) (discussing involuntary assignment of legal malpractice claims).

[38]     *See Chose In Action*, BLACK'S LAW DICTIONARY (9th ed. 2009), *quoted with approval in McDonnell v. State Farm Mut. Auto. Ins. Co.*, 299 P.3d 715, 720 n.15 (Alaska 2013) (defining "chose in action" as "1. A proprietary right in personam, such as a debt owed by another person, a share in a joint-stock company, or a claim for damages in tort. . . . 2. The right to bring an action to recover a debt, money, or thing. 3. Personal property that one person owns but another person possesses, the owner being able to regain possession through a lawsuit.").

[39]     9 MURRAY, JR., *supra* note 36, § 47.2 (citing RESTATEMENT (SECOND) OF CONTRACTS § 316 cmt. a. (AM. L. INST. 1981)).

[40]     *Right, Proprietary Right*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[41]     *See PADRM Gold Mine, LLC*, 498 P.3d at 1077 ("We have recognized as a general rule that 'a cause of action can be assigned if it survives' the death of the prospective plaintiff. And the Alaska legislature has specified that all claims besides defamation survive." (footnote omitted) (first quoting *Andersen v. Edwards*, 625 P.2d 282, 290 (Alaska 1981); and then citing AS 09.55.570)).

subrogation are assignable.[42]  These claims fall squarely within the definition of "chose in action" because they vindicate the assignor's right to recover something owed independent from the assignor's legal status.[43]  After an assignment of one of these claims, the assignee receives the assignor's right to recover and can vindicate this right through a lawsuit.

Equitable apportionment claims are fundamentally different because they arise directly from a person's legal status as a defendant and do not vindicate the right to recover something owed.  The role of the third-party plaintiff in an equitable apportionment claim is inextricably intertwined with the role of the defendant.  Under Civil Rule 14(c), "a defendant, *as a third-party plaintiff*, may" join other potentially responsible third parties.[44]  The third-party plaintiff has no independent right to recover from the apportionment claim; instead, the defendant benefits from the claim prevailing in the form of reduced damages, and "the plaintiff [then benefits] in the form of a third-party judgment ensuring full payment."[45]  OCS correctly notes that the third-party plaintiff, Lucas, "seeks solely to shift some or all of the liability for [Dapo's] damages" from herself to the third-party defendant, OCS.

To understand the issue with Lucas's assignment, it is helpful to consider how a hypothetical assignment of an equitable apportionment claim to a non-party assignee would function.  Once the defendant assigns the claim, the non-party assignee would become the third-party plaintiff and undertake the burden of prosecuting the claim

---

[42]     *Deal v. Kearney*, 851 P.2d 1353, 1355-56 (Alaska 1993).

[43]     *See id.* at 1356 (noting that "the injury would be an incurrence of a monetary obligation to [another] party").

[44]     Alaska R. Civ. P. 14(c) (emphasis added).

[45]     *Pagenkopf v. Chatham Elec., Inc.*, 165 P.3d 634, 642 (Alaska 2007).

against the third-party defendant. Yet were the assignee to prevail, the assignee would recover nothing: the result would only reduce the defendant-assignor's apportioned fault and allow the plaintiff to recover proportionately from the third-party defendant. Despite having been purportedly assigned a claim, the assignee would have no right to recover on the claim, as only the plaintiff would be entitled to those funds. The fact that here Dapo is both the plaintiff and the assignee does not defeat the fallacy of this assignment.

Given that third-party equitable apportionment claims arise from a person's legal status as a defendant and could not provide an assignee a right to recover, we conclude that they fall outside the definition of "chose in action" and are not assignable. We therefore affirm the superior court's decision invalidating the assignment of Lucas's apportionment claim to Dapo.

### 2. The agreement between Dapo and Lucas is unenforceable without the assignment.

When a provision of an agreement is found to be unenforceable, a court may enforce the rest of the agreement if the provision "is not an essential part of the agreed exchange."[46] If the unenforceable provision is essential to the exchange, "the inequality [between the parties' performances] will be so great as to make the entire agreement unenforceable."[47] Likewise, "courts try to give effect to agreements the parties have made, not to agreements the parties have not made but that the courts think would have been just."[48] A court thus cannot enforce an agreement without an essential provision because "the court cannot be sure that in that provision's absence the parties

---

[46]     *Zerbetz v. Alaska Energy Ctr.*, 708 P.2d 1270, 1282 (Alaska 1985) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 184(1) (AM. L. INST. 1981)).

[47]     *Id.* (quoting RESTATEMENT (SECOND) OF CONTRACTS § 184 cmt. a).

[48]     *Id.*

would have agreed at all."[49]  Whether the provision is essential "depends on its relative importance in the light of the entire agreement between the parties."[50]

The assignment of Lucas's apportionment claim to Dapo was essential to their agreed exchange.  As noted above, Lucas had not filed an apportionment claim prior to the assignment agreement.  After signing the assignment agreement and filing the apportionment claim, Lucas testified at an early hearing in the case that she did not want to participate in the lawsuit.  Dapo's attorney also explained during the hearing that OCS "is essentially [Dapo's] target defendant" and that Dapo "believes OCS is responsible for all the damages he's suffered."  And as OCS notes, Lucas has essentially "been a non-participant in this litigation" since the assignment.[51]  This demonstrates that the assignment of Lucas's apportionment claim was of paramount interest to both parties, and without it we cannot be sure that the parties would have reached an agreement at all.[52]  Therefore, the entire agreement between Dapo and Lucas is unenforceable.

## C.  It Was An Abuse Of Discretion To Dismiss Lucas's Equitable Apportionment Claim With Prejudice.

After invalidating the assignment agreement, the superior court dismissed Lucas's apportionment claim with prejudice.  Dapo argues this was error, noting that the claim remains potentially viable even if the assignment of the claim is invalid.  We agree.

In *Dapo II* we reversed the dismissal of Lucas's apportionment claim because we held that it "may fall within" an exception to the statute of repose when

---

[49]  *Id.* at 1282-83.

[50]  *Id.* at 1282 (quoting RESTATEMENT (SECOND) OF CONTRACTS § 184 cmt. a).

[51]  *See also Dapo II*, 454 P.3d 171, 174 (Alaska 2019) ("No appearance by Appellee Taun Lucas.").

[52]  *See Zerbetz*, 708 P.2d at 1282-83.

"taking all facts in the light most favorable to . . . the non-moving party."[53] We did not express a view on the ultimate viability of the claim, making it clear that we did "not mean to preclude summary judgment if the superior court determines that 'no reasonable person could discern a genuine factual dispute on a material issue.' "[54] No such determination has yet been made.

It was an abuse of discretion to dismiss the apportionment claim with prejudice. "An involuntary dismissal with prejudice is a harsh sanction which should only be applied in extreme cases."[55] The conclusion that apportionment claims are not assignable does not impact the viability of Lucas's apportionment claim against OCS. Nor does it warrant denying Lucas the opportunity to pursue her claim — if she so desires. We thus vacate the dismissal of Lucas's apportionment claim. On remand, the superior court should allow Lucas a reasonable opportunity to decide whether to pursue her claim. The court should bear in mind that Lucas may want to seek advice from independent counsel prior to making a decision, especially given that Dapo's agreement to release her from liability is no longer enforceable.

## D. We Vacate The Award Of Attorney's Fees To OCS.

Because we vacate the superior court's dismissal of Lucas's apportionment claim, we also vacate the court's attorney's fee award. We express no view on the propriety of awarding attorney's fees to OCS against Dapo under Alaska Civil Rule 82.

## V. CONCLUSION

We AFFIRM the superior court's order invalidating the assignment

---

[53] *Dapo II*, 454 P.3d at 177-80.

[54] *Id.* at 180 (quoting *Christensen v. Alaska Sales & Serv., Inc.*, 335 P.3d 514, 520 (Alaska 2014)).

[55] *Tenala, Ltd. v. Fowler*, 921 P.2d 1114, 1124 (Alaska 1996).

agreement, VACATE the court's orders dismissing Lucas's equitable apportionment claim and awarding attorney's fees to OCS, and REMAND with instructions to provide Lucas a reasonable time to decide whether to pursue her apportionment claim.