**INTERIOR TAXPAYERS ASSOCIA-
TION, INC., an Alaska non-profit
corporation, Petitioner,**

v.

**FAIRBANKS NORTH STAR
BOROUGH, Respondent.**

No. S–2315.

Supreme Court of Alaska.

Sept. 15, 1987.

Peter J. Aschenbrenner, Fairbanks, for
petitioner.

Eugene P. Hardy, Asst. Borough Atty.,
Fairbanks, for respondent.

Before RABINOWITZ, C.J., and
BURKE, MATTHEWS, COMPTON and
MOORE, JJ.

## ORDER

This petition for review involves a referendum petition on a sales tax for the Fairbanks North Star Borough. The petition for referendum was certified as meeting the requirements of law by the clerk of the borough on July 23, 1987. AS 29.26.180(b) provides:

> If a petition is certified before the effective date of the matter referred, the ordinance or resolution against which the petition is filed shall be suspended pending the referendum vote.

The referendum vote is scheduled for October 6, 1987. However, the borough refused to suspend the collection of the sales tax which was to begin on August 1, 1987. The petitioner sued to enjoin collection and moved for a preliminary injunction. The trial court denied the motion for a preliminary injunction on the grounds that the effective date of the ordinance reimposing the sales tax was June 15, 1987 even though the sales tax was not to go into effect until August 1. Thus, the court reasoned, certification of the referendum petition occurred after, rather than before, the effective date of the matter referred and suspension was not required under the statute. Petitioner seeks review of this ruling.

The court has previously stayed collection of the sales tax pending a decision on the petition for review. We now grant the petition and order entry of a preliminary injunction for the reasons that follow.

The term "effective date of the matter referred" can reasonably have at least two meanings. Under one meaning the term may refer to when the ordinance becomes law. Alternatively, the term may refer to when the ordinance becomes operative, that is, when compliance with its terms is

required.[1]  The trial court adopted the first meaning.  In our view the second meaning is to be preferred for several reasons.

■■■■  First, initiative and referendum powers are set forth in our constitution and the laws implementing them should be liberally construed.  *Municipality of Anchorage v. Frohne*, 568 P.2d 3, 8 (Alaska 1977).  "To that end 'all doubts as to technical deficiencies or failure to comply with the exact letter of procedure shall be resolved in favor of the accomplishment of that purpose.'"  *Id.* (citing *Boucher v. Engstrom*, 528 P.2d 456, 462 (Alaska 1974), quoting *Cope v. Toronto*, 8 Utah 2d 255, 332 P.2d 977, 979 (1958) (footnote omitted)).

Second, the referendum process can not start without having an ordinance which has been passed by the municipality in question.  Under the Fairbanks North Star Borough procedure, an ordinance takes effect on the first business day following the day it is passed.  There is obviously no case where AS 29.26.180(b) could operate with respect to Fairbanks North Star Borough ordinances if "effective date" means merely when the ordinance becomes law.  Thus, the automatic suspension statute could be made completely meaningless if we interpret "effective date" as did the trial judge.

Third, the purpose of the "before the effective date" limitation on suspension seems to be to avoid public confusion, as where the public first must comply with a new law, then the need for compliance is eliminated because of certification of a referendum petition, and then compliance is required because of voter approval at the referendum election.  Interpreting effective date in the sense of operative date is consistent with this purpose.

Fourth, "matter referred" is a vague term.  Its use suggests that the legislature did not mean that it would be necessarily synonymous with "ordinance or resolution against which the petition is filed."  If so, the distinction is between the ordinance on the one hand and its subject matter on the

other.  Accepting this distinction, one may readily say in the context of this case that while the effective date of the ordinance is the day after it was passed, the effective date of the subject matter, the tax, is when the tax is first levied.

The petition for review is granted, the order denying the motion for preliminary injunction is reversed, and this case is remanded to the superior court with instructions to grant the motion for preliminary injunction and for further proceedings.

---

**1.** A case which demonstrates that "effective date" does not necessarily mean the date on which the law becomes law, but when it be-

comes operative, is *City of Plantation v. Mason,* 170 So.2d 441, 442 (Fla.1964).