**KODIAK ISLAND BOROUGH and Judith A. Nielsen, Clerk, Appellants,**

v.

**Edward MAHONEY, Appellee.**

No. S–10606.

Supreme Court of Alaska.

June 20, 2003.

Rehearing Denied July 7, 2003.

C. Walter Ebell and Walter W. Mason, Jamin, Ebell, Schmitt & Mason, Anchorage, for Appellants.

Kenneth P. Jacobus, Kenneth P. Jacobus, P.C., Anchorage, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

FABE, Chief Justice.

## I. INTRODUCTION

Edward Mahoney, a Kodiak Island Borough resident who proposed a municipal term limits ballot initiative, sought declaratory relief against the municipal clerk who refused to certify the initiative. This appeal raises the questions whether a municipal clerk may refuse to certify a proposed initiative on constitutional grounds and whether that clerk may refuse to make technical corrections to a proposed initiative that is technically flawed. We conclude that a clerk should certify an initiative even if it contains a proposal that raises constitutional questions. We also conclude, and the parties agree, that the best way for a clerk to handle a technically deficient initiative is to point out the needed correction and require the proposing citizen to resubmit a corrected version. Finally, because we do not hear substantive challenges to initiatives until the voters pass them, we decline to address the constitutionality of the term-limits initiative proposed by Mahoney.

## II. FACTS AND PROCEEDINGS

On May 17, 2001, Edward Mahoney filed with Judith A. Nielsen, the Kodiak Island Borough Clerk, an application for an initiative petition proposing mayoral term limits. Mahoney sought to place the following ordinance before the voters: "This initiative proposes a ballot measure which if passed by [the] voters 'would limit the Borough Mayor

to serving no more than two (2) consecutive elected terms.' "

Nielsen refused to certify the application "on the basis that [the ordinance] would not be enforceable as a matter of law." Nielsen based this conclusion on the Borough attorney's legal opinion that the proposed initiative "limits the ability of a citizen to run for office [ ] and ... limits the right of Borough residents to vote for the candidate of their choice." Mahoney filed suit in the superior court and sought an injunction requiring Nielsen to prepare the petition and place it on the ballot. The superior court granted Mahoney summary judgment and declaratory relief, ordering the clerk to accept the initiative petition. The Borough now appeals.[1]

The Borough defends the clerk's decision on two grounds, arguing first that a clerk may not certify an application for an initiative petition unless she can conclude unequivocally that the proposed ordinance will be enforceable as a matter of law, and arguing second that the clerk appropriately rejected the proposed initiative because it is "meaningless ... [and] a nullity as written." The Borough also contends that even if the clerk should have certified the application, we should reverse the superior court's order that the initiative be submitted to the voters because the initiative's substantive proposal of mayoral term limits is unconstitutional.

## III. STANDARD OF REVIEW

■ We review grants of summary judgment de novo, exercising our independent judgment to "determine whether the parties genuinely dispute any material facts and, if not, whether the undisputed facts entitle the moving party to judgment as a matter of law."[2]

■ This case involves issues of statutory interpretation. Statutory interpretation is an issue of law.[3] In determining legal issues, we exercise our "independent judgment,

---

**1.** At oral argument, the parties indicated that the initiative has yet to appear on the ballot.

**2.** *State, Dep't of Health & Soc. Servs. v. Planned Parenthood of Alaska, Inc.,* 28 P.3d 904, 908 (Alaska 2001) (internal quotations omitted).

**3.** *D.H. Blattner & Sons, Inc. v. N.M. Rothschild & Sons, Ltd.,* 55 P.3d 37, 41 (Alaska 2002).

adopt[ing] the rule of law that is most persuasive in light of precedent, reason, and policy." [4] Furthermore, when reviewing initiative challenges, we liberally construe constitutional and statutory provisions that apply to the initiative process.[5]

## IV. DISCUSSION

The Borough raises two arguments in defense of the clerk's refusal to certify the initiative petition. First, it argues that a clerk may not certify an application for an initiative petition unless she can conclude unequivocally that the proposed ordinance will be enforceable as a matter of law. Second, it maintains that the proposed initiative may not be submitted to the voters because it is "meaningless . . . [and] a nullity as written."

The Borough contends that the municipal initiative statute, AS 29.26.110, requires a clerk to conclude with certainty that the substantive proposal of an initiative is constitutional before she certifies it. It contends that "[t]he statute does not permit [the clerk] to certify questionable matters that would be subject to challenge only after being adopted by the voters." The Borough bases its argument on AS 29.26.110(a), which provides:

> [T]he clerk shall certify the application if the clerk finds that it is in proper form and, for an initiative petition, that the matter
>
> (1) is not restricted by AS 29.26.100;
>
> (2) includes only a single subject;
>
> (3) relates to a legislative rather than to an administrative matter; and
>
> (4) would be enforceable as a matter of law.

According to the Borough, "[b]ecause there is no controlling authority stating that term limits are constitutional in Alaska, Ms. Nielsen could not affirmatively conclude that the

matter proposed by Mr. Mahoney *would* be enforceable as a matter of law."

■ This is the first time that we have been asked to interpret AS 29.26.110(a)(4). Because citizens may submit initiatives proposing ordinances whose potential constitutional issues have not yet been reviewed or resolved, and because courts must read initiative statutes liberally, we reject the Borough's reading and interpret AS 29.26.110(a)(4) to mean that clerks should only deny initiative petitions that violate the constitutional and statutory rules regulating initiatives or that propose ordinances for which controlling authority precludes enforcement as a matter of law.

■ Prior to setting forth our rationale for declining to follow the Borough's reading of AS 29.26.110(a)(4), we first lay out the role and procedural structure of initiatives and explain how AS 29.26.110(a)(4) creates confusion in this structure. In an attempt to foster direct democratic participation, the Alaska Constitution and certain Alaska statutes allow for voter initiatives.[6] These initiatives appear on the ballot when a citizen submits an initiative with a certain number of signatures to either a municipal clerk or to the lieutenant governor, depending on whether the initiative is local or state-wide.[7] Prior to placing the initiative petition on the ballot, the clerk or lieutenant governor certifies the initiative petition after making sure that it does not run afoul of the constitutional and statutory provisions regulating initiatives.[8] Prior to the election, courts will review only the question whether an initiative meets the constitutional and statutory provisions regulating initiatives. Courts will not review the constitutionality of the substantive initiative proposal until and unless the voters pass the ordinance.[9] But AS 29.26.110(a)(4) prevents a clerk from certifying an initiative that pro-

4. *Robles v. Shoreside Petroleum, Inc.*, 29 P.3d 838, 841 (Alaska 2001) (internal quotations omitted).

5. *Brooks v. Wright*, 971 P.2d 1025, 1027 (Alaska 1999); *Interior Taxpayers Ass'n, Inc. v. Fairbanks N. Star Borough*, 742 P.2d 781, 782 (Alaska 1987).

6. Alaska Const. art. XI & XII, § 11, AS 29.26.100–.190, and AS 15.45.010–.245 deal with initiatives.

7. AS 29.26.110–.140; AS 15.45.030 & .080.

8. AS 29.26.140; AS 15.45.040 & .080.

9. *Brooks v. Wright*, 971 P.2d 1025, 1027 (Alaska 1999).

poses an unenforceable ordinance. The Borough argues that a clerk, in order to decide whether an ordinance is enforceable, must first determine the constitutionality of the substantive initiative proposal prior to the vote on the initiative.

We have implicitly rejected the Borough's contention that a clerk may not certify an issue that could later be subject to constitutional challenge. In *Brooks v. Wright*,[10] we distinguished between pre-election and post-election reviews of petitions. We clarified that pre-election review is limited to determining "whether [the initiative] complies with the particular constitutional and statutory provisions regulating initiatives";[11] whereas, "[g]eneral contentions that the provisions of an initiative are unconstitutional are justiciable only after the initiative has been enacted by the electorate."[12] The Borough's argument that citizens may not propose an initiative raising any constitutional issues of first impression contradicts *Brooks's* implicit ruling that initiatives containing unresolved constitutional issues should go to the electorate.

Even without the *Brooks* decision, the Borough's argument fails. The Borough argues that AS 29.26.110(a)(4)'s plain meaning requires the court to conclude that clerks may only certify initiatives with clearly constitutional propositions and, as a result, may not certify initiatives that contain constitutional issues of first impression within them. Yet while the statutory language requires the clerk, in certifying an initiative, to find that the initiative "would be enforceable as a matter of law,"[13] it does not suggest that the clerk should reject proposals that raise constitutional questions that have never been addressed.

In deciding how to read the statute, Superior Court Judge Morgan Christen rejected the Borough's argument. Her reasoning is convincing:

It is not the Clerk's duty to reject every petition that may raise a constitutional issue, unless the Alaska Supreme Court has already decided the constitutional issue in a manner favorable to the proposed initiative. To do so would effectively be a decision by the Clerk that a proposal is unconstitutional merely because no authority exists expressly declaring it constitutional. If this were permitted, every initiative raising an issue of first impression would be defeated before reaching the voters.

(Citation omitted.)

As Judge Christen recognized, the Borough's interpretation "would deprive the voters of access to the initiative process for all issues of first impression, and cannot be the correct result." The Alaska Constitution expressly allows for expansive direct democracy through initiatives: "Unless clearly inapplicable, the law-making powers assigned to the legislature may be exercised by the people through the initiative[.]"[14] Because the Alaska Constitution preserves the people's power to propose and enact laws through initiatives, we have repeatedly held that courts must give statutory and constitutional regulations of initiatives liberal, broad readings.[15] This further dissuades us from adopting the Borough's narrow reading of AS 29.26.110(a)(4).

The presumption of constitutionality that we apply to all duly enacted rules and laws influences our reading that AS 29.26.110(a)(4) only prevents clerks from certifying clearly unconstitutional ordinances. We have stated that "there is a presumption of constitutionality which attaches to [statutes and

---

**10.** 971 P.2d 1025, 1027 (Alaska 1999).

**11.** *Id.* (internal quotations omitted).

**12.** *Id.* (internal quotations omitted).

**13.** AS 29.26.110(a)(4). The Borough also argues that the clerk must deny certification "unless it is clear that the ordinance *would* be enforceable as a matter of law...." We believe that the legislature intended "enforceable as a matter of law" to

mean "legally enforceable" rather than "clearly enforceable."

**14.** Alaska Const. art. XII, § 11; *Yute Air Alaska, Inc. v. McAlpine*, 698 P.2d 1173, 1181 (Alaska 1985).

**15.** *Brooks v. Wright*, 971 P.2d 1025, 1027 (Alaska 1999); *Yute Air Alaska, Inc. v. McAlpine*, 698 P.2d 1173, 1181 (Alaska 1985); *Municipality of Anchorage v. Frohne*, 568 P.2d 3, 8 (Alaska 1977).

rules]."[16] It basically follows from this presumption that a clerk must presume an initiative to be constitutional absent clear authority establishing its invalidity.

We read the clerk's power to declare an initiative proposal unconstitutional as being somewhat analogous to the power of a state executive agency to declare a state statute unconstitutional. In both cases it is the courts, not the clerk or the executive, that are primarily responsible for constitutional adjudication. Yet in order to avoid a waste of resources and needless litigation it is right that the latter should have the power to refuse to give life to proposals or laws that are clearly unconstitutional. In the case of executive agencies we have held that they have authority to "abrogate a statute which is clearly unconstitutional under a United States Supreme Court decision dealing with a similar law, without having to wait for another court decision specifically declaring the statute unconstitutional."[17] Similarly, we believe that a municipal clerk should have the authority to reject an initiative proposal under AS 29.26.110(a)(4) if the proposal is clearly unconstitutional.

Finally, comparison to 42 U.S.C. § 1983 cases informs our conclusion that a municipal clerk pursuant to AS 29.26.110(a)(4) may only reject on substantive grounds a pre-election petition that proposes a clearly unconstitutional ordinance. In a § 1983 suit, a plaintiff asserts a private right of action against a defendant who, acting under color of state authority, allegedly deprived plaintiff of constitutional rights.[18] However, a § 1983 defendant may assert an affirmative defense that he was not depriving plaintiff of a clearly established constitutional right.[19] While in theory § 1983 protects all constitutional rights, courts in practice have read § 1983 as only unconditionally protecting clearly established constitutional rights.[20] Similarly, we interpret AS 29.26.110(a)(4) as precluding only clearly unconstitutional proposals.[21]

For the reasons stated above, we hold that a clerk, in determining whether an initiative "would be enforceable as a matter of law," should only reject a petition that violates any of the liberally construed statutory or constitutional restrictions on initiatives or that proposes a substantive ordinance where controlling authority establishes its unconstitutionality.[22]

■ The Borough's second argument in defense of the clerk's decision to reject the proposed initiative is that the clerk may not change the wording of the initiative, which "as drafted ... is meaningless." The initiative as proposed states: "This initiative proposes a *ballot measure* which if passed by [the] voters, 'would limit the Borough Mayor to serving more than two (2) consecutive elected terms.' " (Emphasis added.) Because the initiative proposes a ballot measure rather than an ordinance, the initiative, as

**16.** *DeNardo v. ABC Inc. RVS Motorhomes*, 51 P.3d 919, 928 (Alaska 2002) (quoting *A. Fred Miller Attorneys at Law v. Purvis*, 921 P.2d 610, 618 (Alaska 1996)).

**17.** *O'Callaghan v. State, Director of Elections*, 6 P.3d 728, 730 (Alaska 2000) (citing *O'Callaghan v. Coghill*, 888 P.2d 1302, 1304 (Alaska 1995)).

**18.** 42 U.S.C.A. § 1983 (1994).

**19.** *Wood v. Strickland*, 420 U.S. 308, 322, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); David J. Oliveiri, Annotation, *Defense of Good Faith in Action for Damages Against Law Enforcement Official Under 42 USCS § 1983, Providing for Liability of Person Who, Under Color of Law, Subjects Another to Deprivation of Rights*, 61 A.L.R. Fed. 7, 22 (1983).

**20.** A court may still hold a § 1983 defendant liable if he subjectively believes that he is violat-

ing a constitutional right even if it is not a clearly established one. Oliveiri, *supra* note 19, at 17 (affirmative defense of good faith to a § 1983 claim has subjective and objective elements).

**21.** Because the language of AS 29.26.110(a)(4) requires the rejection of initiative petitions that would be unenforceable as a matter of law, we also believe that a clerk must reject an initiative that proposes an ordinance which is merely aspirational or which otherwise lacks the attributes of an enforceable law. For example, the proposal must be comprehensible and concrete enough to be capable of enforcement.

**22.** For example, a clerk should reject an initiative that is properly submitted procedurally but that proposes an ordinance mandating local school segregation based on race. *See Brown v. Board of Educ. of Topeka, Kan.*, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955) (ruling that racial school segregation is unconstitutional).

written, would require people to vote to determine whether there should be a vote.

Mahoney concedes that the wording is flawed but argues that the clerk could have corrected the language since the intent of the initiative is clear. The Borough responds that AS 29.26.120(a)(2) prevents the clerk from changing the initiative language and that the initiative language as written creates a superfluous initiative. The superior court agreed with Mahoney.

But the clerk did not reject the initiative on the ground that its wording was flawed and thus cannot now rely on this argument to justify her decision. Moreover, at oral argument, the parties agreed that the best way to handle a technically flawed initiative would be for the clerk to point out the deficiency and inform the proposing citizen what was necessary to correct it, allowing resubmission of the corrected initiative. The parties clarified at oral argument that the term limits initiative has yet to appear on the ballot; therefore, it is not too late to follow this agreed-upon procedure. Consequently, we need not decide whether it would have been proper for the clerk to make the technical correction on Mahoney's petition.[23]

 Finally, because general contentions about an initiative's constitutionality are justiciable only after the initiative has been passed by the electorate,[24] we need not decide at this time whether mayoral term limits are constitutional.

## V. CONCLUSION

Because a clerk may certify an initiative that contains a proposal that is subject to a constitutional challenge, because the parties agree that the best way to handle the technically deficient initiative in this case is to have Mahoney resubmit the initiative, and because we do not hear substantive challenges to initiatives until the voters pass them, we AFFIRM the superior court's decision that the clerk should not have rejected the ballot initiative on constitutional grounds, but we VACATE its determination that the clerk could change the initiative's language. We REMAND for proceedings consistent with this opinion.

---

**23.** However, we note that the Borough makes a strong argument that it would have been inappropriate for the clerk to revise the wording of the proposed initiatives given AS 29.26.120's statement that a clerk should submit to the voters the proposed ordinance "as submitted by the sponsors."

**24.** *Brooks v. Wright*, 971 P.2d 1025, 1027 (Alaska 1999).