**PEBBLE LIMITED PARTNERSHIP, acting through its General Partner, PEBBLE MINES CORP., Petitioner,**

v.

**LAKE AND PENINSULA BOROUGH and Kate Conley, in her official capacity as Clerk of the Lake and Peninsula Borough, George G. Jacko and Jackie G. Hobson, Sr., Respondents.**

No. S–14404.

Supreme Court of Alaska.

Aug. 17, 2011.

Review Denied Aug. 17, 2011.

Before: CARPENETI, Chief Justice, WINFREE, CHRISTEN and STOWERS, Justices.

### Order

Emergency Petition for Review

On consideration of Pebble Limited Partnership's Emergency Petition for Review filed on **August 1, 2011,** and responses filed by Lake and Peninsula Borough, George Jacko and Jackie Hobson, Sr., and amici curiae Nunamta Aulukestai and the State of Alaska,

IT IS ORDERED:

The Petition for Review is DENIED.

Entered by direction of the court.

Clerk of the Appellate Courts
/s/ Marilyn May
Marilyn May

FABE, Justice, not participating.

WINFREE, Justice, dissenting.

STOWERS, Justice, concurring.

WINFREE, Justice, dissenting.

I would grant the petition for review. My position has nothing to do with the ballot initiative's validity, which is not before the court at this time, but rather has everything to do with the process and standards for pre-election ballot initiative challenges and the right to judicial, including appellate, review.

In April 2011 the Clerk of the Lake and Peninsula Borough (the Borough) certified the "Save Our Salmon" Initiative #2 (the Initiative) as "meet[ing] the requirements of Alaska law and the Alaska Constitution." Pebble Limited Partnership (Pebble) filed an action seeking judicial review of the Borough Clerk's Initiative certification. Pebble alleged the Borough Clerk erred in certifying that the Initiative met constitutional and

---

statutory requirements and sought an order decertifying the Initiative and precluding its placement on an election ballot.

"Pre-election review of challenges to ballot initiatives is limited to ascertaining 'whether [the initiative] complies with the particular constitutional and statutory provisions regulating initiatives.' "[1] Accordingly, pre-election review is limited "to whether the subject matter [of an initiative] is constitutionally permissible"[2] and to whether an initiative complies with applicable statutes governing the initiative process.[3] Other challenges are not justiciable pre-election.[4] These rules balance competing policies—allowing expansive direct democracy through the initiative process,[5] and withholding prohibited questions from the electorate when:

> [I]t would be useless to allow the voters to give their time, thought and deliberation to the question of the desirability of the legislation as to which they are to cast their ballots, and thereafter, if their vote be in the affirmative, confront them with a judicial decree that their action was in vain.[6]

I start with the general proposition that the right of ballot initiatives at the municipal level is based in statute, not the Alaska Constitution.[7] Here, the Borough is a home rule municipality. Alaska Statute 29.10.030(a) requires home rule municipalities to "provide procedures for initiative and referendum"; AS 29.10.030(c) prohibits home rule municipalities from permitting initiatives or referenda "to be used for a purpose prohibited by [article] XI, § 7 of the state constitution."[8] It appears that the Borough had no procedures in place for initiatives or referenda prior to the dispute over the Initiative, but that the Borough passed an ordinance amending its charter to incorporate AS 29.26.100–.190, otherwise inapplicable to home rule municipalities, as its procedures. No party disputes AS 29.26.100–110(a)'s applicability to the Initiative, providing in relevant part:

> The powers of initiative ... are reserved to the residents of municipalities, except the powers do not extend to matters restricted by [article] XI, section 7 of the state constitution.
>
> [T]he clerk shall certify the application if the clerk finds that it is in proper form and, for an initiative petition, that the matter
>
> (1) is not restricted by AS 29.26.100;
>
> (2) includes only a single subject;
>
> (3) relates to a legislative rather than to an administrative matter; and
>
> (4) would be enforceable as a matter of law.[9]

Pebble challenges the Initiative on three grounds. The first is based on AS 29.26.110(a)(1)'s incorporation of AS

---

1. *Brooks v. Wright*, 971 P.2d 1025, 1027 (Alaska 1999) (quoting *Boucher v. Engstrom*, 528 P.2d 456, 460 (Alaska 1974), *overruled in part on other grounds*, *McAlpine v. Univ. of Alaska*, 762 P.2d 81 (Alaska 1988)); *see also Kodiak Island Borough v. Mahoney*, 71 P.3d 896, 898–99 (Alaska 2003).

2. *Brooks*, 971 P.2d at 1027.

3. *Kodiak Island Borough*, 71 P.3d at 899 (citing *Brooks*, 971 P.2d at 1027).

4. *Id.* at 898–901, 900 n. 22.

5. *Id.* at 899.

6. *Whitson v. Anchorage*, 608 P.2d 759, 762 (Alaska 1980) (citations omitted) (internal quotation marks omitted).

7. *Griswold v. City of Homer*, 186 P.3d 558, 563 (Alaska 2008). We have nonetheless incorporated some constitutional principles while reviewing municipal initiatives, such as the limitation that "[t]he power to initiate cannot exceed the power to legislate." *Id.* at 560 (citing *Municipality of Anchorage v. Frohne*, 568 P.2d 3, 8 (Alaska 1977)); *see also* Alaska Const. art. XII (stating that unless clearly inapplicable and subject to article XI, section 7's subject matter restrictions, "the law-making powers assigned to the legislature may be exercised by the people through the initiative"). *Contra Griswold*, 186 P.3d at 565–68 (Carpeneti, J., dissenting) (taking position that restrictions not stated in statutory grant of initiative power are not applicable to municipal initiatives).

8. Article XI, section 7 of the Alaska Constitution provides:

> SECTION 7. RESTRICTIONS. The initiative shall not be used to dedicate revenues, make or repeal appropriations, create courts, define the jurisdiction of courts or prescribe their rules, or enact local or special legislation.

9. AS 29.26.100–.110(a).

29.26.100's reference to subject matter restrictions in article XI, section 7 of the Alaska Constitution, specifically the subject matter prohibition against initiatives enacting "local or special legislation." [10] The second is based on AS 29.26.100(a)(3), the subject matter prohibition against municipal initiatives relating to administrative, rather than legislative, matters. The third is based on AS 29.26.110(a)(4), the restriction against municipal initiatives that would be clearly unlawful.[11] The superior court specifically noted each separate argument near the beginning of its July 25, 2011 Decision and Order (Order).

In its Order the superior court expressly discussed and rejected Pebble's AS 29.26.110(a)(4) argument that the Initiative was clearly unlawful under controlling authority.[12] But the court set out no substantive discussion of Pebble's other subject matter challenges to the Initiative, concluding only that given the "lack of clearly controlling appellate authority establishing the invalidity of this initiative proposal, the court defers ruling on all pending motions for summary judgment until after the ... election." This leads the parties to competing interpretations of the Order.

Pebble argues that the superior court deferred considering Pebble's remaining pre-election challenges until after the election. If so, the court erred—Pebble is entitled to a judicial ruling on its remaining pre-election challenges to the Initiative [13]—and Pebble's petition for review should be granted with either (1) a summary remand for consideration of the two remaining challenges, or (2) given time constraints, our own consideration of at least those two challenges.[14]

The Borough and the Initiative's sponsors more persuasively argue that the superior court rejected Pebble's remaining arguments by stating that no controlling authority establishes the Initiative's invalidity and allowing the Initiative to go on the ballot. In their view, the superior court resolved all of the pre-election initiative challenges and established a mechanism for a later and more expansive post-election challenge to the Initiative. But this is problematic for two reasons.

First, if the superior court decided all three of Pebble's pre-election challenges, then: (1) the case is over at the superior court level; (2) the superior court's order is a final judgment subject to a direct appeal to this court; and (3) Pebble's petition for review should be considered a direct appeal to allow Pebble appropriate appellate review.[15] By its own terms, Pebble's action is a pre-election challenge *only*. The superior court may not unilaterally transmogrify Pebble's action and keep it active beyond the complaint's limits—if the Initiative becomes law, Pebble should have the right to file a separate post-election challenge with as broad a spectrum of issues as it wishes to raise, not just those brought as pre-election challenges and deferred for later consideration by the superior court. And Pebble should have the

---

**10.** As noted earlier, the Alaska Constitution's subject matter restrictions are also mandated by AS 29.10.030(c).

**11.** *See generally Kodiak Island Borough,* 71 P.3d at 898–900 (interpreting AS 29.26.110(a)(4) to allow municipal clerk to deny certification only for proposed initiatives "for which *controlling authority* precludes enforcement as a matter of law." (emphasis added)).

**12.** Pebble argued the Initiative was an unenforceable land use or zoning ordinance under *Carmony v. McKechnie,* 217 P.3d 818, 821–23 (Alaska 2009) and *Griswold v. City of Homer,* 186 P.3d 558, 564–65 (Alaska 2008). The superior court distinguished those cases and, in light of the policy against striking initiatives unless unenforceable under controlling authority, permitted the Initiative to proceed to election.

**13.** *Swetzof v. Philemonoff,* 203 P.3d 471, 475 (Alaska 2009) (stating court has "a duty to give careful consideration to questions involving whether a constitutional or statutory limitation prohibits a particular initiative proposal on subject matter grounds.").

**14.** *See* Alaska R.App. P. 402(3).

**15.** *Surina v. Buckalew,* 629 P.2d 969, 972 n. 5 (Alaska 1981) ("This court has the discretionary power to treat a matter filed as a petition for review as an appeal."). The Borough and the Initiative's sponsors would be hard-pressed to oppose an appeal from the Order as premature in light of their current arguments.

right to bring a postelection challenge at a permissible time of its own choosing.

Second, this interpretation of the Order presupposes that the controlling authority rule for challenges under AS 29.26.110(a)(4) applies to challenges under the constitutional subject matter restrictions of article XI, section 7 and under AS 29.26.110(a)(3). Yet the Borough recognizes this presupposition may be unwarranted—the Borough concedes it is unclear whether the controlling authority rule applies to these challenges.[16] I am unaware of any instance where the controlling authority rule was applied to a pre-election initiative challenge under either article XI, section 7 or AS 29.26.110(a)(3). And recent pre-election challenges based on those provisions were resolved before the elections without any mention of the controlling authority rule.[17] This is an important issue of first impression now worthy of review.[18]

In light of the foregoing, I would grant the petition for review and treat it as an appeal from a final order disposing of Pebble's pre-election challenge to the Borough Clerk's certification of the Initiative. I would order full expedited briefing on: (1) whether the controlling authority rule relating to a pre-election initiative challenge under AS 29.26.110(a)(4) applies to a pre-election subject matter challenge under either article XI, section 7 of the Alaska Constitution or AS 29.26.110(a)(3); and (2) the merits of Pebble's three pre-election challenges to the Initiative.[19]

STOWERS, Justice, concurring.

I concur in the order denying Pebble Limited Partnership's Emergency Petition for Review. I write separately to respond to Justice Winfree's dissenting views. I agree in principle with Justice Winfree's dissenting opinion that the superior court erred in failing to address all three of the grounds advanced by Pebble in its challenge to the proposed initiative. I agree in principle that the superior court is obligated to rule on all grounds asserted by an initiative opponent in a pre-election initiative challenge, and that the superior court must then issue a final order and judgment that can be appealed. I

---

16. *Cf. Kodiak Island Borough*, 71 P.3d at 898 ("'[W]e interpret AS 29.26.110(a)(4) to mean that clerks should only deny initiative petitions that violate the constitutional and statutory rules regulating initiatives *or* that propose ordinances for which controlling authority precludes enforcement as a matter of law." (emphasis added)).

17. *See Pebble Ltd. P'ship v. Parnell*, 215 P.3d 1064, 1078–81 (Alaska 2009) (addressing merits of, and not controlling authority rule for, pre-election challenge under constitutional prohibition against special legislation); *Swetzof*, 203 P.3d at 476–82 (addressing merits of, and not controlling authority rule for, pre-election challenge under AS 29.26.110(a)(3)'s prohibition against initiatives regarding administrative matters); *see also Croft v. Parnell*, 236 P.3d 369, 371–74 (Alaska 2010) (addressing merits of, and not controlling authority rule for, lieutenant governor's refusal to certify initiative based on constitutional single-subject requirement).

18. *See* Alaska R.App. P. 402(b)(2), (4).

19. If the decision to deny Pebble's petition for review is based on the potential impracticality in obtaining briefing from the parties, holding oral argument, and issuing a decision before either the October 4, 2011 election or the September 14, 2011 date to send out absentee ballots, I disagree. Less than a year ago, we ordered expedited briefing, held oral argument, and issued an opinion within 12 days of the superior court's underlying decision in a hotly contested election case. *See Miller v. Treadwell*, 245 P.3d 867, 867, 874 (Alaska 2010). In 2008 we ordered expedited briefing, held oral argument, and issued a dispositive order within a week of an appeal from a superior court decision in a high-profile political dispute involving the potential release of a legislative investigative report. *Keller v. French*, 205 P.3d 299, 299, 301–02 (Alaska 2009). It is not uncommon for us to consider a case on an expedited basis and issue a summary dispositional order with an opinion to follow, as in *Keller*. *See, e.g., Pebble Ltd. P'ship*, 215 P.3d at 1072 (noting sequence of June oral argument and July dispositive order in September 2009 decision on pre-election challenge to initiative). Time may be of the essence, but time should not be the essence of a denial of Pebble's petition.

And, finally, it is not at all clear that the October 4, 2011 election date is the end-all date for getting the Initiative on the ballot. I note that at June 23, 2011, oral arguments to the superior court the Borough asked that the superior court uphold the Borough Clerk's ruling "but not specify the date that the [Initiative] would go on the election [ballot], because the Borough will have to do that through its election process [and] there are [ ] options other than the October 4th election." If time really became an issue, I would hear first from the parties on those options.

agree with Justice Winfree that the superior court "may not unilaterally transmogrify Pebble's action and keep it active beyond the complaint's limits—if the [i]nitiative becomes law, Pebble should have the right to file a separate post-election challenge with as broad a spectrum of issues as it wishes to raise, not just those brought as pre-election challenges and deferred for later consideration by the superior court." Finally, I agree with Justice Winfree that the question whether the "controlling authority rule" applies to the issues not ruled on by the superior court—whether the proposed initiative violates AS 29.26.110(a)(3) and article XI, section 7 of the Alaska Constitution—is an important question of first impression worthy of review.

My disagreement with Justice Winfree is a practical one: given the imminence of the Borough's October 4, 2011 election and the necessity of deciding this appeal before the Borough is required to mail absentee ballots on September 14, I see no realistic way that we can effectively (1) remand for expedited decision by the superior court on the issues that court failed to reach, (2) expect the parties to prepare full briefing on the merits of the issues identified in Justice Winfree's dissent, (3) conduct oral argument, and (4) issue a decision. Because all of these pre-election challenge issues—as well as any new post-election issues—can be raised on appeal following the Borough election, and because no enduring harm will result from denying the emergency petition for review, I think it acceptable (though certainly not optimal) to deny the petition and allow the voters to express their views on the initiative. And to the extent that permitting the election to proceed will obviate the problems associated with an expedited remand and appellate briefing schedule, this will also give the State of Alaska an opportunity to either intervene in the present superior court case or file a separate action and obtain a ruling after full briefing on the new issue it seeks to raise in this emergency petition—namely, whether the initiative would be unenforceable as a matter of law because "[i]f enacted, the initiative would be preempted by state law"

"[b]ecause article VIII of the Alaska Constitution expressly mandates that the state legislature has exclusive authority over the state's natural resources [and] the initiative therefore will inevitably conflict with, and be preempted by, state law." [20] After all of these issues are decided in the superior court(s) and briefed on appeal, this court will have a fully developed record upon which to consider these important questions.

---

**20.** Amicus State of Alaska's Response at 8.