*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| RONDA MARCY, | ) | |
| | ) | Supreme Court No. S-16617 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-16-01952 CI |
| v. | ) | |
| | ) | O P I N I O N |
| MATANUSKA-SUSITNA | ) | |
| BOROUGH, | ) | No. 7306 – September 28, 2018 |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, David Zwink, Judge pro tem, and Vanessa White and Jonathan A. Woodman, Judges.

Appearances: Ronda Marcy, pro se, Palmer, Appellant. Nicholas Spiropoulos, Borough Attorney, Matanuska-Susitna Borough Attorney's Office, Palmer, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

WINFREE, Justice.

## I. INTRODUCTION

A borough resident filed suit against the borough and citizens who had sponsored a borough ballot initiative prohibiting commercial marijuana businesses. The suit, filed 32 days before the borough election, sought declaratory and injunctive relief that the initiative was unconstitutional and unlawful and should be removed from the

election ballot. Given the imminent election, the superior court ordered the case held in abeyance pending the initiative vote's outcome. After borough voters rejected the initiative, the court dismissed the case as moot.

The borough resident appeals, arguing that the merits of her declaratory judgment claim should be heard under the public interest exception to the mootness doctrine and that the superior court issued procedurally defective orders, violated her due process rights, and erroneously awarded attorney's fees against her. We affirm the superior court because it did not abuse its discretion in its procedural decisions; the resident's due process rights were not violated; we decline to invoke the public interest exception to address the moot claims; and the resident failed to properly bring her attorney's fees appeal.

## II.    FACTS AND PROCEEDINGS

In November 2014 Alaskans passed a statewide ballot initiative enacting AS 17.38, which became law in February 2015, generally legalizing marijuana.[1] Subsection 210(a) permits local governments to "prohibit the operation of marijuana cultivation facilities, marijuana product manufacturing facilities, marijuana testing facilities, or retail marijuana stores through the enactment of an ordinance or by a voter initiative."

In May 2015 the Matanuska-Susitna Borough Clerk received a municipal initiative petition titled "Application for Ballot Initiative to Prohibit Marijuana Businesses Except Those Involving Industrial Hemp in the Matanuska-Susitna Borough" (the Proposed Initiative). After the petition received the requisite number of signatures,

---

[1]    *See* AS 17.38.010(a) ("In the interest of allowing law enforcement to focus on violent and property crimes, and to enhance individual freedom, the people of the state of Alaska find and declare that the use of marijuana should be legal for persons 21 years of age or older.").

the Clerk certified the Proposed Initiative for the October 2016 local ballot. In May 2016 the Borough Assembly adopted an ordinance establishing a temporary moratorium on marijuana establishments pending the Proposed Initiative's October election outcome.

Ronda Marcy, a Borough resident, had taken steps after AS 17.38's passage to open a marijuana business; she purchased greenhouses, moved them to her property, and outfitted them to grow marijuana. She was appointed to the Borough's Marijuana Advisory Committee, which was tasked with reporting public hearing comments and opinions to the Borough's Planning Committee and the Borough Assembly. Marcy attended hearings on both the Proposed Initiative and the proposed moratorium ordinance, and at a February 2016 meeting she received a copy of the Proposed Initiative.

On September 2 — only 32 days before the election — Marcy filed a complaint for declaratory judgment and injunctive relief accompanied by a motion for expedited consideration against the Borough and the Proposed Initiative's 14 sponsors.[2] Marcy sought injunctive relief "to prevent [the Proposed Initiative] from being placed before the voters, to have [it] removed from the Ballot, and to prevent any votes from being counted on the [Proposed Initiative], until after this matter is resolved." Marcy also sought declaratory relief on claims that the Proposed Initiative was constitutionally and statutorily prohibited; that AS 17.38.210(a), authorizing local governments to prohibit the operation of marijuana businesses through voter initiative, was unconstitutional; that both the Proposed Initiative and the moratorium ordinance were unconstitutional property takings; and that it was error for the Borough Clerk to have certified the Proposed Initiative for the ballot. Superior Court Judge Vanessa White was

---

[2] The Borough is the only defendant participating in this appeal.

assigned the case. The court granted expedited consideration, and the Borough timely responded on September 19.

On September 22 Judge White assigned the case to Superior Court Judge pro tem David Zwink; Judge White and Judge Zwink ordered the case held in abeyance pending the October 4 election results. The court explained that absentee voting already had begun and that any relief available before the election "would be inherently disruptive and prejudicial to the ordinary voting process already in progress." Marcy moved for reconsideration, or in the alternative a stay pending interlocutory appeal, on September 28; Judge White denied her motion the following day. Judge White reiterated that both orders were entered without prejudice, that Marcy was entitled to amend her complaint, and that Marcy could seek injunctive relief to stay implementation of the Proposed Initiative if it passed or could assert the public interest exception to try to litigate claims that appeared facially moot if the Proposed Initiative failed.

The Proposed Initiative was rejected by Borough voters in the October 4 election;[3] three days later Judge Zwink issued a notice of intent to dismiss the case as moot and invited the parties to file written objections. Marcy objected, the Borough requested the case be dismissed, and Marcy filed a reply. For reasons not apparent from the record, the case then was reassigned to Superior Court Judge Jonathan A. Woodman. The reassignment notice apparently was not served on the parties.

In late January 2017 Judge Woodman ordered the matter dismissed with prejudice for "the reasons presented" in the Borough's response to the court's earlier dismissal notice and permitted the Borough to seek attorney's fees and costs. The following week the Borough requested final judgment and attorney's fees and costs.

---

[3] The Borough Assembly's moratorium on marijuana businesses expired on October 19.

Marcy sought reconsideration of the dismissal and a stay of the Borough's attorney's fees and costs request, styled as a motion to stay the execution of judgment. The court promptly denied Marcy's motions as moot.

Marcy appealed in mid-February, asserting that the superior court erred by: granting the abeyance; issuing a notice to dismiss the case as moot; ordering the case dismissed; failing to provide findings of fact and conclusions of law in its dismissal order and reconsideration order; failing to notify Marcy the case had been reassigned to Judge Woodman; awarding the Borough attorney's fees; and violating her due process rights.

In March the superior court issued its final judgment and awarded the Borough attorney's fees. Neither party supplemented the appellate record to include these orders.

## III.   STANDARD OF REVIEW

The superior court's procedural decisions generally are reviewed for abuse of discretion.[4] "Whether there was a violation of due process is a question of law, which we review de novo."[5] We also review questions of mootness de novo.[6]

## IV.   DISCUSSION

Marcy alleges that the superior court committed a variety of errors when denying her requests for declaratory and injunctive relief removing the Proposed Initiative from the October 2016 ballot. Marcy also contends the court made several

---

[4]     *Mullins v. Local Boundary Comm'n*, 226 P.3d 1012, 1015 (Alaska 2010) (citing *Walker v. Walker*, 151 P.3d 444, 447 (Alaska 2007)).

[5]     *Patrick v. Municipality of Anchorage, Anchorage Transp. Comm'n*, 305 P.3d 292, 297 (Alaska 2013) (citing *D.M. v. State, Div. of Family & Youth Servs.*, 995 P.2d 205, 207 (Alaska 2000)).

[6]     *Mullins*, 226 P.3d at 1015 (citing *Akpik v. State, Office of Mgmt. & Budget*, 115 P.3d 532, 534 (Alaska 2005)).

procedural errors, a substantive error, and an erroneous attorney's fees award against her. We address each category in turn.

## A. Alleged Procedural Errors

Marcy contends that the superior court made several procedural errors, including wrongfully issuing an order holding the case in abeyance pending the outcome of the election; wrongfully issuing a notice of intent to dismiss the lawsuit after the Proposed Initiative failed on the ballot; failing to include findings of fact and conclusions of law in its dismissal order; and not providing her notice of the judicial reassignment prior to the case being dismissed. Marcy argues that some of these alleged errors violated her constitutional rights and require us to reverse the dismissal of her appeal.

### 1. It was not an abuse of discretion to issue the abeyance order.

First, we reiterate that "[p]rior to [an] election, courts will review only the question whether an initiative meets the constitutional and statutory provisions regulating initiatives."[7] The primary thrust of Marcy's challenge — that the Proposed Initiative is an unconstitutional taking and zoning by initiative — is not such a challenge; it is a substantive challenge. Although "courts are . . . empowered to conduct pre-election review of initiatives where the initiative is clearly unconstitutional or clearly unlawful," it is not clear that Marcy presented a valid pre-election challenge to the Proposed Initiative.[8] Because "[c]ourts will not review the constitutionality of the substantive

---

[7] *Kodiak Island Borough v. Mahoney*, 71 P.3d 896, 898 (Alaska 2003).

[8] *Cf. Alaskans for Efficient Gov't, Inc. v. State*, 153 P.3d 296, 298, 302 (Alaska 2007) (reviewing proposed initiative to create supermajority requirement and concluding that lieutenant governor properly rejected initiative "for failing to comply with constitutional provisions regulating initiatives" (quoting *State v. Trust the People*, 113 P.3d 613, 614 n.1 (Alaska 2005))).

initiative proposal until and unless the voters pass the ordinance," the superior court did not abuse its discretion by holding the case in abeyance pending the election results.[9]

Second, even if Marcy presented legitimate pre-election challenge issues, "where an impending election is imminent and . . . election machinery is already in progress, equitable considerations might justify a court in withholding the granting of immediately effective relief."[10] Here the Borough's "election machinery" was in process as early as August 22 — 11 days before Marcy's complaint — when voting machine programming cards were delivered to the Borough. On August 25 — more than a week before Marcy's complaint — 69,875 printed ballots corresponding to the programming cards were delivered for the Borough's election equipment. By the time the Borough filed its expedited answer on September 19, absentee voting had begun.

Marcy argues that, in the 13 days "between the time the complaint was filed and the absentee ballots were mailed out," the superior court could have "granted the injunction, . . . ordered the [Proposed Initiative] removed from the ballot, . . . prevented any vote on the [Proposed Initiative], and[/or] . . . ordered the votes sealed and not counted if it was voted on, pending resolution of the matters in the complaint." The first

---

[9]    *See Mahoney*, 71 P.3d at 898; *see also Pebble Ltd. P'ship v. Parnell*, 215 P.3d 1064, 1077 (Alaska 2009) ("We have long recognized that '[t]he general rule is that a court should not determine the constitutionality of an initiative unless and until it is enacted.' " (alteration in original) (quoting *Alaskans for Efficient Gov't*, 153 P.3d at 298)).

[10]    *Wade v. Nolan*, 414 P.2d 689, 703-04 (Alaska 1966) (Rabinowitz, J., concurring) (emphasis omitted) (quoting *Reynolds v. Sims*, 377 U.S. 533, 585 (1964)) (noting that a court should consider upcoming election and state election laws, then act on equitable principles).

three propositions would have resulted in "a great disruption to the election process"[11] because, as the Borough Clerk explained, there was not sufficient time to reprogram the voting machine memory cards before the election without "call[ing] into question the results of all other questions on the ballot." The fourth option, ordering the votes sealed, would have resulted in practically the same effect as "a prohibitory injunction staying enforcement of the ballot measure if it passes," which the superior court explained Marcy could pursue if the Proposed Initiative passed.

It was not an abuse of discretion to order the case held in abeyance pending the ballot results; no enduring harm or prejudice resulted because — even if Marcy had presented a valid pre-election challenge to the Proposed Initiative — the challenged issues could have been addressed immediately following the election had the Proposed Initiative passed.[12]

Marcy also argues that the abeyance order "denied her constitutional rights of due process." We disagree; Marcy was not denied her "opportunity to be heard and

---

[11] *See In re 2011 Redistricting Cases*, 294 P.3d 1032, 1049 (Alaska 2012) (Matthews, J., dissenting) (quoting *In re 2011 Redistricting Cases*, No. S-14721 (Alaska Supreme Court Order, May 22, 2012) (rejecting redistricting plan in part because changes to districts were so late in the election process that it would cause great disruption)); *see also Pebble Ltd. P'ship ex rel. Pebble Mines Corp. v. Lake & Peninsula Borough*, 262 P.3d 598, 602 (Alaska 2011) (Stowers, J., concurring) (explaining there was "no realistic way" to have full briefing, have oral argument, and issue appellate decision remanding for expedited decision on pre-election initiative challenge issues superior court had failed to reach before borough was required to mail absentee ballots for election seven weeks away).

[12] *See Lake & Peninsula Borough*, 262 P.3d at 602 (Stowers, J., concurring) ("Because all of these pre-election challenge issues — as well as any new post-election issues — can be raised on appeal following the Borough election, and because no enduring harm will result from denying the emergency petition for review, I think it acceptable (though certainly not optimal) to deny the petition and allow the voters to express their views on the initiative.").

the right to adequately represent [her] interests" because she had multiple opportunities to represent her interests.[13] Marcy had her opportunity to be heard through an expedited motion for reconsideration and through interlocutory petition to this court. The superior court addressed her motions expeditiously; it neither abused its discretion nor violated her due process rights by placing the case in abeyance due to the impending election.

### 2. It was not an abuse of discretion to issue the notice of intent to dismiss the case as moot.

Marcy next argues the superior court erred when it issued its notice of intent to dismiss the case as moot following the Proposed Initiative's defeat on the ballot. But it was not an abuse of discretion to sua sponte raise the issue of mootness and request briefing because "[t]he court inherently possesses the power to request briefing on issues which come to its attention."[14] Marcy's action to declare the Proposed Initiative unconstitutional and remove it from the ballot became moot after Borough voters rejected the Proposed Initiative. Marcy does not demonstrate how the court's notice, which provided her the opportunity to brief the issue, resulted in prejudice requiring reversal.[15] Marcy also argues the superior court violated her due process rights by issuing its notice of intent to dismiss for mootness and its order dismissing the case. We disagree; in response to the court's notice of intent to dismiss Marcy filed both an

---

[13] *See Patrick v. Municipality of Anchorage, Anchorage Transp. Comm'n*, 305 P.3d 292, 298 (Alaska 2013) (quoting *D.M. v. State, Div. of Family & Youth Servs.*, 995 P.2d 205, 213-14 (Alaska 2000)).

[14] *See Bowers Office Prods., Inc. v. Univ. of Alaska*, 755 P.2d 1095, 1096 n.3 (Alaska 1988).

[15] *See Mullins v. Local Boundary Comm'n*, 226 P.3d 1012, 1016 n.4 (Alaska 2010) ("Even [where] discretion is abused, reversal will be required only upon a showing of prejudice." (alteration in original) (quoting *Boggess v. State*, 783 P.2d 1173, 1182 (Alaska App. 1989))).

objection and a reply to the Borough's response, and following the court's dismissal order she filed a motion for reconsideration. The court's decision to issue a notice of intent to dismiss the case as moot following the failed passage of the Proposed Initiative thus was neither an abuse of discretion nor a violation of due process; it instead provided Marcy another opportunity to be heard.[16]

### 3. It was not an abuse of discretion to issue the dismissal without findings of fact and conclusions of law.

Marcy next argues the superior court erred by failing to make findings of fact and conclusions of law as required by Alaska Civil Rule 52(a) in its dismissal order. We disagree. Findings and conclusions were not required for the dismissal order, which was not an adjudication on the merits of Marcy's claim.[17] Second, the court's order incorporated the reasoning in the Borough's response to the court's dismissal notice.

### 4. Marcy had notice and opportunity to preempt Judge Woodman.

Marcy finally argues that "[i]t was error for the order of dismissal with prejudice to be entered, when the case was still unassigned, according to the electronic docket," and that she "was denied her constitutional and statutory right to notice and an

---

[16]     *See Patrick*, 305 P.3d at 298 ("We have held that '[t]he crux of due process is [the] opportunity to be heard and the right to adequately represent one's interests.' " (alterations in original) (quoting *D.M.*, 995 P.2d at 213-14)).

[17]     *See* Alaska R. Civ. P. 52(a) ("Findings of fact and conclusions of law are *unnecessary* on decisions of motions under *Rule 12 or 56 or any other motion* except as provided in Rule 41(b)." (emphasis added)); Alaska R. Civ. P. 41(b) ("If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a).").

Marcy similarly asserted in her opening brief that "[i]t was error for the [superior] court to deny reconsideration, without reason or cause and without any findings of fact and conclusions of law." But she abandoned this argument in her reply brief.

opportunity to move to preempt, or move to recuse, the judge." The Borough contends this argument is waived because Marcy failed to raise this issue below, the issue does not fit into an exception for consideration, and, in the alternative, the dismissal order was not plain error because Marcy had actual notice of the assignment when the order was issued but failed to raise a peremptory challenge in, or in addition to, her motion for reconsideration. We agree that Marcy failed to timely raise the argument below.

Marcy failed to timely peremptorily challenge Judge Woodman's assignment under Alaska Civil Rule 42(c).[18] She received actual notice of Judge Woodman's assignment to her case in January 2017 when she received his signed dismissal order, but she did not file or raise a peremptory challenge within five days as allowed by the rule.[19] Marcy instead filed motions in February seeking reconsideration and an execution of judgment stay, thus waiving her right to peremptorily challenge Judge Woodman because she "knowingly participat[ed] before that judge in . . . [a] judicial proceeding which concerns the merits of the action and involves the consideration of evidence or of affidavits."[20]

Marcy also had the opportunity to file a motion to recuse or disqualify Judge Woodman for cause,[21] but she did not do so. We see no error.

## B.     Alleged Substantive Error — Dismissal For Mootness

---

[18]     *See* Alaska R. Civ. P. 42(c) (providing litigants a change of judge as a matter of right).

[19]     *See* Alaska R. Civ. P. 42(c)(3) ("Failure to file a timely notice precludes change of judge as a matter of right. Notice of change of judge is timely if filed . . . within five days after notice that the case has been assigned to a specific judge.").

[20]     *See* Alaska R. Civ. P. 42(c)(4)(i) (listing causes for disqualification and directing that "right to change as a matter of right a judge" is waived by participation).

[21]     *See* AS 22.20.020.

Marcy requested declaratory relief that the Proposed Initiative was unconstitutional for a variety of reasons and that it violated statutes prohibiting zoning by initiative. Marcy wants those issues decided. But because the Proposed Initiative was not enacted by the Borough voters and there is no live controversy, under our precedent we refrain from determining its constitutionality and compliance with statutes.[22]

Marcy argues that the Proposed Initiative's constitutionality merits review under the public interest exception to the mootness doctrine. She contends our review would avoid "the needless repetition that could open floodgates of litigation to correct [similar initiatives] now being circulated for signatures." In determining whether the public interest exception applies, we consider: "(1) whether the disputed issues are capable of repetition, (2) whether the mootness doctrine, if applied, may repeatedly circumvent review of the issues, and (3) whether the issues presented are so important to the public interest as to justify overriding the mootness doctrine."[23]

Reviewing Marcy's constitutional challenges to the Proposed Initiative to avoid litigating similar initiatives is not so important to the public interest as to justify overriding the mootness doctrine, because those unknown initiatives simply are not

---

[22]     "We have established a 'general rule . . . that a court should not determine the constitutionality of an initiative unless and until it is enacted.' " *Mullins v. Local Boundary Comm'n*, 226 P.3d 1012, 1021 n.39 (Alaska 2010) (alteration in original) (first quoting *State v. Trust the People*, 113 P.3d 613, 614 n.1 (Alaska 2005); and then citing *Kodiak Island Borough v. Mahoney*, 71 P.3d 896, 898 (Alaska 2003); *Brooks v. Wright*, 971 P.2d 1025, 1027 (Alaska 1999)).

[23]     *Mullins*, 226 P.3d at 1018 (quoting *Ulmer v. Alaska Rest. & Beverage Ass'n*, 33 P.3d 773, 777-78 (Alaska 2001)); *see, e.g.*, *Peloza v. Freas*, 871 P.2d 687, 688 (Alaska 1994) (reviewing pre-election challenge otherwise moot by election under public interest exception); *Falke v. State*, 717 P.2d 369, 371 (Alaska 1986) (same).

before us.[24]  An opinion on the Proposed Initiative's constitutionality would be purely advisory at best and inapplicable at worst.[25]  We believe it best to wait for a proposed or actual law challenge grounded on real facts so that our decision is properly focused and avoids any unintended consequences.  Therefore, the public interest exception does not persuade us to review Marcy's moot constitutional and statutory claims.[26]

## C.    Borough's Attorney's Fees Award

The parties dispute whether it was appropriate for the superior court to award the Borough attorney's fees, but the issue is not properly before us.  Under Alaska

---

[24]     *See Ahtna Tene Nené  v. State, Dep't of Fish & Game*, 288 P.3d 452, 457-58 (Alaska 2012) ("Even in a declaratory judgment case . . . where the rights or obligations of parties are delineated by the court, courts should avoid becoming involved in premature adjudication of disputes that are uncertain to occur." (alteration in original) (quoting *Ulmer*, 33 P.3d at 776)).

[25]     *See Ulmer*, 33 P.3d at 779.

[26]     Marcy also had requested that the Borough Assembly's moratorium prohibiting the processing of applications for operation of marijuana establishments in the five months preceding the election pending the Proposed Initiative's outcome be declared an unconstitutional taking.  But the Borough contended in its response to Marcy's objection to the court's notice of intent to dismiss the case as moot that her takings claim was "not before the court" because she had expressly reserved the right to "present [her] losses and damages . . . in a separate taking[s] action."  The court noted "the reasons presented in the Borough's *Response*" in support of its dismissal order. (Emphasis in original.)  We presume from this that the court saw no need to address the merits of the declaratory relief claim about the underlying takings action because "[d]eclaratory relief is a 'nonobligatory remedy' " that " 'create[s] an opportunity, rather than a duty' for . . . courts to grant relief to qualifying litigants."  *Lowell v. Hayes*, 117 P.3d 745, 756 (Alaska 2005) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)).  Although a takings claim would not be moot because it would not be premised on the Proposed Initiative's passage, the dismissal of Marcy's declaratory relief claim would not seem to affect Marcy's apparently preserved right to bring "a separate taking[s] action."

Appellate Rule 210(a), "the record does not include documents or exhibits filed after . . . the filing date of the notice of appeal." Marcy filed this appeal on February 14, 2017. Although the Borough filed its attorney's fees motion on January 31, the court did not enter the attorney's fees and costs award until March 28. Prior to Marcy's appeal she had filed a motion to stay execution of judgment pending her motion for reconsideration, which the court denied; she then apparently never opposed the Borough's motion on the merits. Because Marcy apparently failed to oppose the motion and neither party requested that the court's order be added to the record,[27] we are unable to review the merits of the superior court's decision.[28]

## V.    CONCLUSION

The superior court's judgment is AFFIRMED.

---

[27]    *See* Alaska R. App. P. 210(i)(1) ("Materials . . . filed with the trial court after the filing date of the notice of appeal may be added to the record on appeal only upon motion designating by title, description, and filing date the materials sought to be added, and are limited to the following: . . . materials pertaining to attorney's fees, costs, or prejudgment interest . . . .").

[28]    *See David S. v. State, Dep't of Health & Soc. Servs. Office of Children's Servs.*, 270 P.3d 767, 783 (Alaska 2012) (refusing to consider fact subsequent to appeal because "Appellate Rule 210(a) provides that 'the record does not include documents or exhibits filed after . . . the filing date of the notice of appeal' ").